**Opinion issued August 9, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00670-CV

———————————

**GREEN TREE SERVICING, LLC F/K/A CONSECO FINANCE SERVICING CORP., Appellant**

**V.**

**RALPH D. WOODS AND KAREN WOODS, Appellees**

———————————

**On Appeal from County Court at Law**
**Waller County, Texas**
**Trial Court Case No. C-10246**

———————————

## O P I N I O N

Appellant, Green Tree Servicing, LLC f/k/a Conseco Finance Servicing Corp., appeals from the trial court's grant of appellees', Ralph D. Woods and Karen Woods, no evidence motion for summary judgment on standing, capacity,

and chain of title. In five issues, Green Tree argues the trial court erred in granting the no-evidence motion for summary judgment because (1) standing cannot be challenged in a no-evidence motion for summary judgment; (2) there was some evidence that Green Tree had standing to sue; (3) there was some evidence that Green Tree had capacity to sue; and (4) there was some evidence of the chain of title.

We reverse and remand.

## Background

On August 29, 2000, Ralph Woods executed a Manufactured Home Retail Installment Contract with Palm Harbor Homes I LP. The same contract assigned Palm Harbor Homes' interest in the contract to Green Tree. Some time later—though the evidence does not indicate when—Green Tree assigned its interest in the Woods contract to Conseco Finance Corp. ("Conseco Finance"). What assignments took place after that is a subject of dispute in this appeal.

There is evidence that, at some unidentified time, Conseco Finance Corp., Post Consummation Estate ("Conseco Finance PCE") assigned its interest in the contract to U.S. Bank National Association, as trustee for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-5 ("U.S. Bank National"). In that document, Conseco Finance PCE identifies itself as "successor in interest to Conseco Finance Corp."

2

The record shows that, on October 1, 2000, Conseco Finance Securitizations Corp. ("Conseco Finance Securitizations"), Conseco Finance, and U.S. Bank National entered into a pooling agreement for servicing of certain contracts, including the Woods contract. There is no evidence in the record of who claimed to own the interest in the Woods contract as of October 1, 2000. The contract identified Conseco Finance as the servicer for the contract, giving it "the sole obligation to manage, administer, service[,] and make collections on the Contracts."

On June 23, 2003, the service pooling agreement was amended. The contract involved the same parties except that Green Tree MH LLC was identified as the "Successor Servicer," giving it "the sole obligation to manage, administer, service[,] and make collections on the Contracts." As a part of its duties, Green Tree MH LLC was authorized to "sue to enforce or collect upon Contracts, in its own name." By filing suit on a contract, the act of filing suit would "be deemed to be an automatic assignment of the Contract to [Green Tree MH LLC] for purposes of collection only."

Concurrent with the execution of the amended service pooling agreement, Green Tree MH LLC entered into a "subservicing agreement" with Green Tree. The subservicing agreement authorized Green Tree "to manage, administer, service[,] and make collections on each [contract covered by the amended service

3

pooling agreement], and shall perform or cause to be performed all contractual and customary servicing activities of the holder of such" contract covered by the amended service pooling agreement.

On September 2, 2010, Green Tree sent a notice to Ralph Woods, asserting that he was in default on his obligations under the Woods contract and giving him an opportunity to cure. Green Tree asserted that failure to cure the default would result in acceleration of the payments owed under the contract and a suit to repossess or foreclose on the collateral. Green Tree subsequently filed suit against Ralph and Karen Woods on November 12, 2010, seeking to collect the amount owed under the contract and to obtain possession of the home.

The Woods filed a verified answer, asserting, among other things, that Green Tree is not entitled to recover in the capacity in which it sues. On March 9, 2011, the Woods filed a no-evidence motion for summary judgment, claiming Green Tree could not establish that (1) it had standing to sue them, (2) that it had the capacity to sue them, and (3) there was a proper chain of title from the original seller to Green Tree.

Green Tree filed its response, attaching evidence that it asserted established its standing, capacity, and chain of title. The Woods did not include any evidence in its reply. Instead, they identified what they believed to be gaps in Green Tree's proof of standing, capacity, and chain of title. The trial court agreed and granted

4

the Woods' no-evidence motion for summary judgment without identifying the grounds on which it was granting summary judgment.

Green Tree filed a motion for new trial, arguing that a plea to the jurisdiction was the proper vehicle to bring a claim challenging standing and that the proper resolution of a plea to the jurisdiction was dismissal without prejudice. Green Tree also argued that, viewing the evidence in the light most favorable to the non-movant, summary judgment was inappropriate. The trial court denied Green Tree's motion for new trial.

**Standard of Review**

Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The burden then shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The trial court

5

must grant the motion unless the nonmovant presents more than a scintilla of evidence raising a fact issue on the challenged elements. *Flameout Design*, 994 S.W.2d at 834; *see also Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (holding "[m]ore than a scintilla of evidence exists when the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions").

To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller*, 168 S.W.3d at 827). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). When the trial court's summary judgment order does not state the basis for the trial court's decision, we must uphold the order if any of the theories advanced in the motion are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

**Capacity**

In its third issue, Green Tree argues the trial court could not have granted summary judgment on the Woods' defense that Green Tree lacked the capacity to

6

sue them.  Before determining what evidence is relevant to establishing capacity, it is useful to note the distinction between standing and capacity.

"A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy."  *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996).  Capacity concerns whether a party has a personal right to come into court, not whether it has an enforceable right or interest.  *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (citing 6A WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1559, at 441).

The service pooling agreement, its amendment, and the subservicing agreement together present more than a scintilla of evidence that Green Tree has the capacity to bring this lawsuit.  The subservicing agreement makes Green Tree the servicer for the contracts part of the service pooling agreement.  The original service pooling agreement identifies the Woods contract as a part of the service pooling agreement.  The subservicing agreement gives Green Tree all of the authority for servicing that was given to Green Tree MH LLC under the amended service pooling agreement.  The amended service pooling agreement gives the servicer the right to sue to collect and enforce the Woods contract.  We hold this is

7

sufficient to establish capacity. *See id.* at 851 & n.3 (holding whether a party has the right to sue on behalf of another is a question of capacity).

Whether Green Tree presented sufficient evidence of a chain of title from the original seller in the Woods contract to one of the parties to the service pooling agreement—or whether the evidence establishes that the Woods contract remained a part of the service pooling agreement—relates not to capacity, but to standing. *See Interstate Contracting Corp. v. City of Dallas*, 135 S.W.3d 605, 618 (Tex. 2004) (holding privity of contract is matter of standing).

Accordingly, we hold that the Woods' claim of Green Tree's lack of capacity could not have been a basis to support the trial court's grant of no-evidence summary judgment. We sustain Green Tree's third issue.

## Standing

In its first issue, Green Tree argues the trial court could not have granted summary judgment on the claim that Green Tree lacked standing because standing cannot be challenged in a no-evidence motion for summary judgment. We must address, then, whether standing can be challenged in a no-evidence motion for summary judgment and, if not, whether failure to object prior to the rendition of the judgment waives the error. If it is error and has not been waived, we must address harm.

## A. Error

Standing is a component of the trial court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993). As a component of subject-matter jurisdiction, it cannot be waived, nor can it be conferred by agreement. *See id.* (holding standing cannot be waived); *In re K.K.C.*, 292 S.W.3d 788, 790 (Tex. App.—Beaumont 2009, no pet.) (holding "[a] party generally cannot confer or obtain standing by consent or agreement").

Typically, a challenge to standing is raised in a plea to the jurisdiction. *See Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001) (holding "[b]ecause standing is a component of subject matter jurisdiction, we consider [the plaintiff's] standing as we would a plea to the jurisdiction"). "A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

A plea to the jurisdiction may challenge the sufficiency of the facts pleaded in a petition or it may challenge the existence of jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).

When a plea to the jurisdiction challenges the facts pleaded in a petition, the courts must construe the pleadings liberally in favor of the plaintiff. *Id.* at 226. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction—that is, if there is a gap in jurisdictional facts or a complete

9

absence of them—the trial court is required to afford the plaintiff an opportunity to amend its pleadings. *Id.* at 226–27. If, however, the pleadings affirmatively negate the existence of jurisdiction, the trial court may grant the plea to the jurisdiction without allowing the plaintiff an opportunity to amend. *Id.* at 227.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court is required to consider relevant evidence submitted by the parties. *Id.* If the evidence creates a fact issue regarding jurisdiction, the trial court does not rule but, instead, submits the issue to the fact finder in a trial on the merits. *Id.* at 228. Otherwise, the trial court rules on the motion as a matter of law. *Id.*

The procedure for a plea the jurisdiction when evidence has been submitted to the trial court mirrors the procedure for a traditional motion for summary judgment. *Id.*; *see also* TEX. R. CIV. P. 166a(c). As a result, the Texas Supreme Court has acknowledged that matters concerning subject-matter jurisdiction, such as standing, can be raised in a motion for summary judgment.[1] *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

---

[1] The court in *Bland* did not distinguish between a traditional motion for summary judgment and a no-evidence motion for summary judgment. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (holding absence of subject-matter jurisdiction may be raised in plea to jurisdiction "as well as by other procedural vehicles, such as a motion for summary judgment"). The court in *Miranda*, however, drew a specific connection between pleas to the jurisdiction and traditional motions for summary judgment. *See Tex. Dep't of Parks &*

10

When a plea to the jurisdiction is granted, the case is dismissed without prejudice unless it is established that the plaintiff is incapable of remedying the jurisdictional defect. *See Sykes*, 136 S.W.3d at 639. As a result, the plaintiff is not prevented from refiling suit once the impediment to jurisdiction is removed. *Ab-Tex Beverage Corp. v. Angelo State Univ.*, 96 S.W.3d 683, 686 (Tex. App.—Austin 2003, no pet.).

The procedures and safeguards are similar when subject-matter jurisdiction is raised for the first time on appeal. The Texas Supreme Court has recognized that, when reviewing subject-matter jurisdiction for the first time on appeal, there is no opportunity to cure the defect. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Accordingly, the appellate court "must construe the petition in favor of the party, and if necessary, review the entire record to determine if any evidence supports standing." *Id.*

We must decide, then, whether it is error for a trial court to dispose of a case with prejudice based on a challenge to subject-matter jurisdiction in a no-evidence

---

*Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (recognizing standard for considering evidence in plea to jurisdiction mirrors standard in traditional motion for summary judgment); *see also Wise Reg'l Health Sys. v. Brittain*, 268 S.W.3d 799, 809 (Tex. App.—Fort Worth 2008, no pet.) (recognizing that standard in *Miranda* is for traditional summary judgment). This appeal concerns whether it is also permissible to bring a jurisdictional challenge in a no-evidence motion for summary judgment.

motion for summary judgment. For the reasons given below, we hold that it is error.

To begin with, allowing a challenge to subject-matter jurisdiction in a no-evidence motion for summary judgment would have the effect of depriving a trial court of jurisdiction over a case in circumstances in which jurisdiction has not been affirmatively disproved. In a plea to the jurisdiction, dismissal with prejudice is only appropriate when subject-matter jurisdiction has been affirmatively disproved and the jurisdictional impediment cannot be removed. *See Sykes*, 136 S.W.3d at 639. Likewise, a traditional motion for summary judgment can only be granted after the defendant establishes as a matter of law that the plaintiff lacks subject-matter jurisdiction. *See* TEX. R. CIV. P. 166a(c). A no-evidence motion for summary judgment, in contrast, allows the movant to obtain summary judgment when the non-movant's evidence is incomplete. TEX. R. CIV. P. 166a(i). This has the effect of depriving the trial court of jurisdiction not when jurisdiction has been disproved, but when jurisdiction is uncertain.

Additionally, in the absence of evidence disproving jurisdiction, a plea to the jurisdiction can only be granted when the pleadings affirmatively negate jurisdiction. *Miranda*, 133 S.W.3d at 227. In that circumstance, the pleadings are reviewed liberally in favor of the plaintiff. *Id.* at 226. To that end, "[i]t has long been the rule that a plaintiff's good faith allegations are used to determine the trial

12

court's jurisdiction." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502–03 (Tex. 2010). If there is a gap in jurisdictional facts, the trial court is required to afford the plaintiff an opportunity to amend its pleadings. *Miranda*, 133 S.W.3d at 226–27.

In contrast, in a no-evidence motion for summary judgment, jurisdiction would be deprived without consideration of the plaintiff's pleadings. *Judwin Props., Inc. v. Griggs & Harrison*, 911 S.W.2d 498, 504 (Tex. App.—Houston [1st Dist.] 1995, no writ) (holding pleadings cannot be used as summary judgment evidence unless statements constitute judicial admissions, which must be adverse to party's claims); *Springer v. Am. Zurich Ins. Co.*, 115 S.W.3d 582, 585–86 (Tex. App.—Waco 2003, pet. denied) (applying rule to no-evidence motion for summary judgment).

Furthermore, even when a plea to the jurisdiction is granted, the case is dismissed *without* prejudice unless the plaintiff cannot remedy the jurisdictional defect. *See Sykes*, 136 S.W.3d at 639. A no-evidence summary judgment instead requires dismissal with prejudice.

Finally, we note that, in both a plea to the jurisdiction and a traditional motion for summary judgment, the defendant bears the burden of proving the trial court's lack of jurisdiction. *See Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985) (holding "movant for summary judgment has the burden of

13

showing that there is no genuine issue of material fact and that it is entitled to judgment as matter of law"); *Miranda*, 133 S.W.3d at 228 (holding standard for considering evidence in plea to jurisdiction mirrors that of a traditional motion for summary judgment); *Tex. Dep't of Transp. v. Olivares*, 316 S.W.3d 89, 103 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding, in plea to jurisdiction, defendant must produce evidence that trial court lacks jurisdiction before plaintiff has burden to raise fact issue).

By review of these legal principles, it appears that, if we were to allow a party to bring a jurisdictional challenge in a no-evidence motion for summary judgment, there would be no reason for a defendant to bring a plea to the jurisdiction. When the evidence affirmatively negates subject-matter jurisdiction, the challenge can be brought in a motion for summary judgment. *See Bland*, 34 S.W.3d at 554 (holding subject-matter jurisdiction can be raised in motion for summary judgment); *Miranda*, 133 S.W.3d at 228 (holding standard for evidentiary challenges to subject-matter jurisdiction mirror that of traditional motion for summary judgment). When the plaintiff's pleadings negate subject-matter jurisdiction, this can also be raised in a traditional motion for summary judgment. *See Judwin Props.*, 911 S.W.2d at 504 (holding pleadings cannot be used as summary judgment evidence unless statements are judicial admissions adverse to party's claims); *Lazarides v. Farris*, 367 S.W.3d 788, 797 (Tex. App.—

14

Houston [14th Dist.] Apr. 17, 2012, no pet.) (holding "[i]f the pleadings affirmatively negate the existence of jurisdiction, then summary-judgment may be granted on the jurisdictional challenge without allowing an opportunity to amend").

By allowing a party to challenge subject-matter jurisdiction in a no-evidence motion for summary judgment, a party would be able to completely foreclose consideration of the plaintiff's pleadings in determining the trial court's jurisdiction when the pleadings establish jurisdiction. Given that "[i]t has long been the rule that a plaintiff's good faith allegations are used to determine the trial court's jurisdiction," allowing subject-matter jurisdiction challenges in no-evidence motions for summary judgment would be at odds with long-standing Texas rules of procedure. *Frost Nat'l Bank*, 315 S.W.3d at 502–03. It would also deny plaintiffs the right to amend their pleadings when they have failed to sufficiently plead jurisdictional facts, to stand on the pleadings in the absence of evidence negating jurisdiction, and to refile suit when a jurisdictional impediment has been removed.

Moreover, in *Miranda*, the Texas Supreme Court expressed concern for circumstances when "the determination of the subject matter jurisdiction of the court implicates the merits of the parties' cause of action." 133 S.W.3d at 228. In that circumstance, the court specifically approved treating evidentiary challenges

15

to subject-matter jurisdiction like a *traditional* motion for summary judgment, citing subpart 166a(c) of the Texas Rules of Civil Procedure. *Id.* The court reasoned,

> By requiring the state to meet the summary judgment standard of proof in cases like this one, we protect the plaintiffs from having to "put on their case simply to establish jurisdiction." *Bland*, 34 S.W.3d at 554. Instead, after the state asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue.

*Id.*

Allowing a defendant to challenge subject-matter jurisdiction in a no-evidence motion for summary judgment when determination of subject-matter jurisdiction implicates the merits of the plaintiff's cause of action would force plaintiffs to "put on their case simply to establish jurisdiction." *Id.* This would allow defendants an end run around the safeguards established by the Texas Supreme Court simply by changing the designation from a traditional to a no-evidence motion for summary judgment and eliminating any burden on the defendant other than to identify the specific ground the defendant believes to be lacking evidentiary support.

We acknowledge that some courts of appeals have held that a challenge to the trial court's subject-matter jurisdiction can be brought in a no-evidence motion for summary judgment. *See, e.g., Wolfe v. Devon Energy Prod. Co., LP*, No. 10-

16

09-00223-CV, 2012 WL 851678, at *8 (Tex. App.—Waco March 14, 2012, pet. filed); *Bank of Am. v. Eisenhauer*, No. 13-09-00004-CV, 2010 WL 2784031, at *6 (Tex. App.—Corpus Christi July 15, 2010, no pet.) (mem. op.); *Jacobson v. SCI Tex. Funeral Servs., Inc.*, No. 05-00-00686-CV, 2001 WL 225339, at *1 (Tex. App.—Dallas March 8, 2001, no pet.) (mem. op.).  Each of these cases, however, treated the matter as if it was already established Texas law, which is not the case. *See Wolfe*, 2012 WL 851678, at *8 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006) (analyzing no-evidence motion for summary judgment on causation)); *Eisenhauer*, 2010 WL 2784031, at *6 (citing *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70, 71 (Tex. App.—Austin 1998, no pet.) (analyzing element of standard of care in premises liability claim)); *Jacobson*, 2001 WL 225339, at *1 (citing *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex. App.—Dallas 2000, no pet.) (analyzing multiple elements of trespass claim)); *see also* TEX. R. APP. P. 47.4 (requiring designation of "memorandum opinion" when issues are settled).

A plea to the jurisdiction sets up safeguards and presumptions that protect the court's jurisdiction.  *See Miranda*, 133 S.W.3d at 226–28.  Allowing a party to challenge subject-matter jurisdiction in a no-evidence motion for summary judgment conflicts with these safeguards, would deprive a trial court of jurisdiction without a showing that the court actually lacks jurisdiction, and would prevent a

17

party from removing any impediments to jurisdiction and returning to court. Accordingly, we hold that a court's subject-matter jurisdiction cannot be challenged in a no-evidence motion for summary judgment.

**B.    Waiver**

After the Woods filed their no-evidence motion for summary judgment challenging, in part, the trial court's subject-matter jurisdiction, Green Tree filed its response and accompanying evidence without any claim that a no-evidence motion for summary judgment was an inappropriate vehicle to challenge subject-matter jurisdiction.  It was not until after the trial court granted the no-evidence motion for summary judgment that Green Tree asserted in its motion for new trial that the Woods should have brought a plea to the jurisdiction.  We must consider, then, whether our review of the matter has been waived by Green Trees' failure to object.

We begin by noting that subject-matter jurisdiction cannot be waived or conferred by agreement.  *See Tex. Ass'n of Bus.*, 852 S.W.2d at 445–46; *In re K.K.C.*, 292 S.W.3d at 790.  Additionally, when subject-matter jurisdiction is raised for the first time on appeal, it is reviewed similarly to a plea to the jurisdiction.  *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (holding appellate courts construe the pleadings in favor of plaintiff, look to plaintiff's intent, and review record for evidence supporting standing).

18

If we were to hold that our review of the matter can be waived, we would be holding that a defendant can restrict the scope of our review of the trial court's jurisdiction simply by bringing a jurisdictional challenge in a procedural vehicle that we have already determined to be improper. That is, if jurisdiction is raised for the first time on appeal, we can consider the allegations in the pleadings and must construe them liberally. *Id.* But if a defendant improperly challenges jurisdiction in a no-evidence motion for summary judgment and a plaintiff can waive this by failing to object timely, this Court would be effectively precluded from considering the plaintiff's pleadings on appeal. *See Judwin Props.*, 911 S.W.2d at 504 (holding pleadings cannot be used as summary judgment evidence except for judicial admissions adverse to party's claims). We find no justification for placing such a restriction on a matter that we are otherwise required to review sua sponte. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (holding courts are obligated to review sua sponte issues affecting jurisdiction).

We hold that Green Tree has not waived its argument that the Woods could not bring their challenge to the trial court's subject-matter jurisdiction in a no-evidence motion for summary judgment.

## C. Harm

In determining the nature of an instrument, courts look to its substance, not to the form of its title or caption. *Barry v. Barry*, 193 S.W.3d 72, 74 (Tex. App.—

19

Houston [1st Dist.] 2006, no pet.). Additionally, subject-matter jurisdiction can be raised for the first time on appeal. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. If the trial court could have treated the Woods' motion as a plea to the jurisdiction and granted it, we must affirm. Stated another way, if the record establishes that the trial court lacks jurisdiction, there is no harm.

We first look to the pleadings. *Id.* In its original petition, Green Tree alleged that it "is the present servicer of the [Woods] Contract." It also alleged that it "has a perfected security interest in the Manufactured Home." While these comments do not specifically explain the privity of contract from the original seller to Green Tree, it is sufficient to allege that the privity does exist. *See id.* (requiring appellate courts to construe pleadings in light most favorable to plaintiff and to look to plaintiff's intent).

Next we consider whether the evidence affirmatively establishes that Green Tree lacks standing. *See Sykes*, 136 S.W.3d at 639 (allowing dismissal with prejudice only when evidence shows plaintiff is incapable of remedying jurisdictional defect). We first note that the Woods never presented any evidence of their own regarding Green Tree's standing. Instead, they argued that there was an evidentiary gap in establishing privity of contract because Green Tree failed to include in its response to the motion for summary judgment any evidence of an

assignment or chain of assignments from Conseco Finance to Conseco Finance PCE.[2]

We additionally note that two of the parties to the service pooling agreement were, at different times, owners of the assignment from the original seller of the Woods contract. The record does not indicate who was the owner of the assignment at the time the Woods contract was placed into the service pooling agreement. If it was the former, Conseco Finance, the evidence also shows that Conseco Finance then assigned the Woods contract to a party that was not a part of the service pooling agreement, and there is no indication that the third party agreed to abide by the service pooling agreement or that U.S. Bank National agreed to place the Woods contract back into the service pooling agreement. If that is the case, the evidence would show that Green Tree lacks standing.

But we do not know if that is the case. It is also possible that U.S. Bank National was the owner when the service pooling agreement was created. If that is the case and assuming without deciding that the document identifying Conseco Finance PCE as the successor in interest to Conseco Finance is sufficient to establish the chain of title, then Green Tree has standing, because there is no indication that U.S. Bank National is no longer the owner of the assignment or that

---

[2] In one of the documents, however, Conseco Finance PCE identifies itself as the successor in interest to Conseco Finance.

U.S. Bank National ever removed the Woods contract from the service pooling agreement.

There is no evidence or evidentiary inference that would indicate which of these possible scenarios is true. Accordingly, we hold that the evidence does not affirmatively show that the trial court lacked subject-matter jurisdiction over Green Tree's claims, and we hold that the error in dismissing Green Tree's claims is harmful. *See* TEX. R. APP. P. 44.1(a) (prohibiting appellate courts from reversing trial court unless error either probably caused rendition of improper judgment or probably prevented appellant from properly presenting case to appellate court).

We hold that the Woods' claim of Green Tree's lack of standing could not have been a basis to support the trial court's grant of no-evidence summary judgment. We sustain Green Tree's first issue.[3]

---

[3] Green Tree's fourth issue challenges the Woods' third basis presented in its no-evidence motion for summary judgment: that there was no evidence of a proper chain of title from the original seller to Green Tree. This was not an essential element for any of Green Tree's claims. Instead, the Woods' only focus on the chain of title concerned whether Green Tree had standing to assert its claims. Green Tree's second issue concerns whether it sufficiently established that the trial court had jurisdiction. For the reasons given above, we hold that it has not, and we overrule Green Tree's second and fourth issues. Finally, in its fifth issue, Green Tree essentially argues that the trial court failed to view the evidence in the light most favorable to it. Given that this argument could not result in greater relief than what has been awarded, we do not need to reach this issue. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.