

# Fourth Court of Appeals

## San Antonio, Texas

### CONCURRING OPINION

No. 04-14-00414-CV

Whitney **BREWSTER**, in her capacity as Executive Director of the
Texas Department of Motor Vehicles,
Appellant

v.

Drew **ROICKI** and Richard Roicki as Successors in Interest to Pinnacle Motors,
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-06565
Honorable Richard Price, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice
Concurring Opinion by:  Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  May 13, 2015

I concur in the judgment because I believe the trial court has jurisdiction.  However, I write

separately because I do not believe, under the appropriate standard of review, that there are any

jurisdictional fact issues.

In her plea to the jurisdiction, Brewster raised two arguments: (1) all of Pinnacle's claims

for declaratory relief are based on alleged *ultra vires* acts by unnamed State employees in refusing

to issue a negotiable certificate of title, and there are no claims she committed any acts involved

in the decision to issue non-repairable titles or to revoke previously-issued negotiable titles; and

(2) Pinnacle is attempting to control State action and is interfering in the Texas Department of Motor Vehicles' ("TxDMV") discretionary application of the law. On appeal, Brewster raised a third argument, which is that new legislation divests the trial court of jurisdiction.

## STANDARD OF REVIEW

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court is required to consider relevant evidence submitted by the parties. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). If the evidence creates a fact issue regarding jurisdiction, the trial court does not rule on the plea, but instead submits the issue to the factfinder in a trial on the merits. *Id.* at 227-28.

The procedure for a plea to the jurisdiction when evidence has been submitted to the trial court mirrors that of a traditional motion for summary judgment. *Id.* at 228; *see also* TEX. R. CIV. P. 166a(c). Thus, the burden is on the movant to present evidence establishing that the trial court lacks jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228. Thereafter, the burden shifts to the plaintiff to demonstrate that a disputed issue of material fact exists regarding the jurisdictional issue. *Id.* Accordingly, the movant cannot simply deny the existence of jurisdictional facts and force the plaintiff to demonstrate the existence of a fact issue. *See Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 794 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (holding a trial court's subject-matter jurisdiction cannot be challenged by a no-evidence motion for summary judgment); *see also Thornton v. Northeast Harris Cnty. MUD I*, 447 S.W.3d 23, 38-40 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (holding trial court improperly dismissed takings claim for lack of jurisdiction based on no-evidence motion for summary judgment). In other words, a plaintiff generally will not be required to marshal evidence and prove a claim merely to overcome a plea to the jurisdiction. *See Mission Consol. Indep. Sch. Dist. v.*

*Garcia*, 372 S.W.3d 629, 637 (Tex. 2012).  If the plaintiff has alleged basic facts adequate to establish the elements of a claim such that the court can determine whether it is barred by sovereign immunity, then the plaintiff will only be required to submit evidence if the movant presents evidence negating one of those basic facts.  *Id.* "[E]ven then, the plaintiff's burden of proof with respect to those jurisdictional facts must not 'involve a significant inquiry into the substance of the claims.'"  *Id.* at 637-38.

## ANALYSIS

I agree with the majority's conclusion regarding the effect of Section 501.051 raised in Brewster's third issue.  However, turning to Brewster's first and second challenge, I do not believe Brewster satisfied her burden of establishing the trial court lacked jurisdiction as a matter of law. Brewster challenged the sufficiency of the factual allegations in Pinnacle's petition.  In her plea to the jurisdiction, Brewster first asserted there are no allegations that she took any affirmative action in this matter; therefore, she could not have committed an *ultra vires* act.  Brewster contends Pinnacle's claims are based on *ultra vires* acts "of unnamed [TxDMV] employees who allegedly did not follow the Texas Transportation Code when they refused to issue titles to the cars that are subject to this suit."

In its petition, Pinnacle sued Brewster in her official capacity as the executive director of TxDMV, and alleged that, in such capacity, she is responsible for requiring TxDMV to comply with Transportation Code section 501.052 and for requiring TxDMV to issue titles as required by law.  Pinnacle alleged (1) Brewster acted without authority by directing the TxDMV to violate the statute and ignore the Bexar County Tax Assessor-Collector's ("BCTAC") decision; (2) Brewster did not have the authority to order the TxDMV to revoke the titles after BCTAC's final ruling; and

(3) Brewster, in her capacity as executive director of TxDMV, is responsible for the TxDMV's compliance with the law.

In her plea to the jurisdiction, Brewster did not dispute that she is responsible for the title decisions made by the TxDMV. Instead, she merely contended there were no allegations that *she* was involved in the commission of any *ultra vires* acts. However, because I believe Pinnacle alleged basic facts adequate to establish that any alleged *ultra vires* acts were taken by Brewster in her official capacity, Brewster had the burden to present evidence conclusively negating this basic fact. Brewster did not satisfy this burden.

Brewster's next argument is that Pinnacle is attempting to control State action and is interfering in the TxDMV's discretionary application of the law. Suits seeking to require a State official to comply with statutory provisions are not prohibited by sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). "To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* "Thus, *ultra vires* suits do not attempt to exert control over the state—they attempt to reassert the control of the state. Stated another way, these suits do not seek to alter government policy but rather to enforce existing policy." *Id.*

In this case, the applicable statutory provision is Transportation Code section 501.052. As relevant here, section 501.052 provides that "[a] determination of the assessor-collector is binding on the applicant and the [TxDMV] as to whether the [TxDMV] correctly refused to issue or correctly rescinded, canceled, revoked, or suspended the title." TEX. TRANSP. CODE ANN. § 501.052(d) (West Supp. 2015). In her plea, Brewster argued the approval of automobile titles is not a purely ministerial act, but instead, is a discretionary act for which no *ultra vires* claim may

lie. However, Brewster did not assert in her plea that the TxDMV is not bound by any "determination" made by BCTAC pursuant to section 501.052. Nor did she contend that no timely section 501.052 hearing was conducted in this case or that the settlement agreement entered into between Pinnacle and BCTAC was not a section 501.052 "determination" to which TxDMV would be bound.[1] Therefore, because I believe Pinnacle alleged basic facts adequate to establish that the approval of automobile titles under the circumstances presented by section 501.052 is a purely ministerial act for which an *ultra vires* claim may lie, Brewster had the burden to present evidence conclusively negating this basic fact. Brewster did not satisfy this burden.

## CONCLUSION

Brewster did not contend that the facts alleged by Pinnacle failed to establish jurisdiction even if assumed to be true, and Brewster failed to establish that the trial court lacked jurisdiction as a matter of law. For these reasons, I believe the trial court correctly denied Brewster's plea to the jurisdiction.

Sandee Bryan Marion, Chief Justice

---

[1] Because Brewster did not assert in her plea or on appeal that the requirements of section 501.052 were not satisfied, we must resolve any doubt in favor of Pinnacle and take as true Pinnacle's assertion that the settlement agreement constituted a "determination" by BCTAC, which is binding on the TxDMV.