ACCEPTED
01-15-00505-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/8/2015 12:41:37 PM
CHRISTOPHER PRINE
CLERK

## CASE NO. 01-15-00505-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/8/2015 12:41:37 PM
CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| **MARCY LERCH** | § | **IN THE FIRST COURT OF** |
| **APPELLANT** | § | |
| | § | |
| **V.** | § | **APPEAL OF TEXAS** |
| | § | |
| **WILMINGTON TRUST NA** | § | |
| **SUCCESSOR TRUSTEE FOR THE** | § | |
| **MERRILL LYNCH MORTGAGE** | § | |
| **INVESTOR TRUST SERIES 2006-** | § | **HOUSTON, TEXAS** |
| **HE5, APPELLEE** | | |

### APPELLANT'S APPLICATION FOR
### TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION
### AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME, MARCY LERCH, ET-AL**, herein, and files this Appellant's

Application for Temporary Restraining Order and Temporary and Permanent Injunction against

**WILMINGTON TRUST NA SUCCESSOR TRUSTEE FOR THE MERRILL**

**LYNCH MORTGAGE INVESTOR TRUST SERIES 2006-HE5,** Appellee, herein

pending appeal, and in support thereof, shows the court the following:

### FACTS

1. The case involves a home equity loan foreclosure. The property was foreclosed on or about January 2015 by the appellee without first obtaining an Order of Foreclosure as required under Tex. R. Civ. P. 736.

2. On or about March 20th, 2015 the lower court granted the Appellee a writ of Possession to evict the Appellant. The Appellant immediately filed a motion of reconsideration and a stay of writ and it was denied.

1

3. On or about May 21st, 2015 the Court denied Appellants motion to stay the enforcement of writ of possession. The Appellant thereafter filed a notice of Appeal and the case was assigned to the first Court of Appeal under this cause

4. However, without notice to the Appellant, Appellee is trying to execute the writ possession issued by the lower Court.

5. Now the Appellee is in the process of evicting the Appellant before the Appeal is heard and an issue relating to title is still pending also at the 240th Judicial Court of Fort Bend County and pending Appeal in this Court. Hence this motion ensued.

6. It is well established that, as in here, when the defaulted loan is a home equity; prior to foreclosure sale, the District Court in the county where the property is located must approve the foreclosure taking place by issuing an Order of Foreclosure. And that without such Order, any foreclosure sale is void. See Rule. 736.11(d)

7. An Order of Foreclosure is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding. After an order is obtained, a person may proceed with the foreclosure process under applicable law and the terms of the lien sought to be foreclosed. See Rule 736.9.

8. Further, a proceeding or order under this rule is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale. As the Defendant did her. Hat petition was never challenged by See Rule 736.11

9. Because the evidence showed that any foreclosure sale conducted by WILMINGTON

2

TRUST NA SUCCESSOR TRUSTEE FOR THE MERRILL LYNCH MORTGAGE INVESTOR TRUST SERIES 2006-HE5 **was void, they have failed to show that they** owned the property at the time of its forcible detainer action. Therefore, the county court did not have jurisdiction to determine the issue of possession because that determination rested on the resolution of title. See *MORTGAGE ELECTRONIC REGISTRATION SYSTEMS v. Young*, No. 2-08-088-CV (Tex. App. June 4, 2009). See also, *Green Tree Servicing, LLC v. Woods,* 388 S.W.3d 785 (Tex. App.-Houston [1st Dist.] 2012, no pet.).1.

## INJUNCTIVE RELIEVE

10. On or about May 21st, 2015 the Court denied Appellants motion to State enforcement of writ of possession. The Appellant thereafter filed a notice of Appeal and the case was assigned first Court of Appeal under case number. However, without notice to the Appellant Appellee is trying to execute the writ possession issued by the lower Court.

2      Unless Appellant herein, is immediately enjoined and restrained, Appellee will be evicted from his residence and render any judgment on Appeal in this case ineffective

## ELEMENTS FOR INJUNCTIVE RELIEF

3.      In light of the complexity of the facts and issues in this case and since the case involves a home equity loan. Appellant is likely to succeed on appeal.

4.      Appellant is likely to succeed on the merits of this lawsuit on appeal because the Applicant's conduct will null and void the judgment of this Court

5.      Unless this Honorable Court immediately restrains the Appellee the Appellant will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Appellant complete, final and equal relief.   More specifically, Appellant will show the court the

following:

A. The harm to Appellant is imminent because movant will be denied the right to an appeal.

B. This imminent harm will cause Appellant irreparable injury in that as a result of the denial of the Movants constitution right to a fair trial.

C. There is no adequate remedy at law which will give Appellant complete, final and equal relief because it will render any judgment in this case ineffective.

**BOND**

6. Appellant is willing to post a reasonable temporary restraining order bond and requests the court a bond be waived

**REMEDY**

7. Appellant has met Appellant's burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Appellant is entitled to the requested temporary restraining order.

8. Appellant requests the court to restrain Appellee from executing the writ of possession.

9. It is essential that the court immediately and temporarily restrain Geraldine Barnes Gibson from executing the writ of possession. And rendering any final judgment in this case ineffective.

It is essential that the court act immediately, prior to giving notice to Appellee and a hearing on the matter because it will render any judgment in this case ineffective.

10. In order to preserve the status quo during the pendency of this action, Appellant requests that the Appellee be temporarily enjoined from executing the writ of possession and

4

rendering any final judgment in this case ineffective.

11. Following Appeal on the merits, that the Court permanently enjoin WILMINGTON TRUST NA SUCCESSOR TRUSTEE FOR THE MERRILL LYNCH MORTGAGE INVESTOR TRUST SERIES 2006-HE5, herein, from evicting and selling the said property.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, MOVANTS, Appellant herein, respectfully prays that:

A. WILMINGTON TRUST NA SUCCESSOR TRUSTEE FOR THE MERRILL LYNCH MORTGAGE INVESTOR TRUST SERIES 2006-HE5, will be cited to appear and answer herein;

B. A temporary restraining order will issue without notice to WILMINGTON TRUST NA SUCCESSOR TRUSTEE FOR THE MERRILL LYNCH MORTGAGE INVESTOR TRUST SERIES 2006-HE5 restraining Appellee, Appellee's officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys from directly or indirectly expunging the Lis Pendens and/or selling the said property.

C. The Court sets a reasonable bond for the temporary restraining order;

D. After notice and hearing, a temporary injunction will issue enjoining and restraining WILMINGTON TRUST NA SUCCESSOR TRUSTEE FOR THE MERRILL LYNCH MORTGAGE INVESTOR TRUST SERIES 2006-HE5 Appellee's officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly expunging the Lis Pendens and selling the said property.

E. After trial on the merits, the Court permanently enjoin WILMINGTON TRUST NA SUCCESSOR TRUSTEE FOR THE MERRILL LYNCH MORTGAGE INVESTOR TRUST SERIES 2006-HE5,Appellee's officers, agents,

servants, employees, successors and assigns, and attorneys from directly or indirectly expunging the Lis Pendens and selling the said property.

F.       For such other and further relief, in law or in equity, to which Appellant may be justly entitled.

Respectfully submitted,

By */S/ Diogu Kalu Diogu II, LL.M*
Diogu Kalu Diogu II, LL.M
Texas Bar No. 24000340
Email:   diogu.diogu.law.firm@gmail.com
P. O. Box 994,
Fulshear, Texas 77441
Tel. (713) 791 3225/Fax. (832) 408-7611

## UNSWORN DECLARATION

My name is Diogu Kalu Diogu II, my date of birth is June 25th, 1959, and my address is 4736 Gainsborough Drive, Brookshire, Texas 77423, United States. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Fort Bend County, State of Texas, on the 05th, Day of June 2015.

Respectfully submitted,

By:   */S/ Diogu Kalu Diogu II, LL.M*
Diogu Kalu Diogu II, LL.M
Texas Bar No. 24000340
P. O. Box 994, Fulshear, Texas 77441
Tel. (713) 791 3225/Fax. (832) 408 7611/
Attorney for Plaintiff,
Diogu Kalu Diogu II, LL.M.

6