# NO. 12-20-00235-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TEXAS HEALTH & HUMAN SERVICES COMMISSION LUFKIN STATE SUPPORTED LIVING CENTER,* | § | *APPEAL FROM THE 159TH* |
| *APPELLANT* | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *GERALD WILLARD, APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

---

## *MEMORANDUM OPINION*

The Health & Human Services Lufkin State Supported Living Center (HHS or the Lufkin Facility) appeals the trial court's order denying its plea to the jurisdiction. In two issues, HHS argues that the trial court erred in denying its plea because Appellee Gerald Willard's pleadings either are inadequate to overcome HHS's sovereign immunity or affirmatively negate jurisdictional elements of Willard's causes of action for disability discrimination and failure to accommodate. We reverse and render in part and reverse and remand in part.

## BACKGROUND

On or about May 15, 2018, Willard began working at the Lufkin Facility as a Direct Service Professional I.[1] At first, he worked the day shift, but, after a few weeks, he switched to the night shift. Thereafter, Willard began to have pain in his leg and, as a result, began using a cane at work.

---

[1] The facts recited originate from Willard's allegations in his original petition. *See **Bland Indep. Sch. Dist. v. Blue**, 34 S.W.3d 547, 554 (Tex. 2000).

In August 2018, Willard was told to report to work at a different residence at the Lufkin Facility, at which time he was told by the "Charge Person" that he "couldn't work for her 'like that,' referring to his cane." Thereafter, Willard spoke to the Unit Director, who instructed him to submit a doctor's note for the cane.

On or about August 14, Willard submitted a doctor's note as requested. Initially, the Unit Director told Willard he could work in the infirmary. However, later that same day, he called Willard and told him that because he was a new hire, he could be fired for "whatever reason" during the six-month probationary period. He then told Willard that if Willard would quit, he could apply for a position as a security guard, which would allow him to sit down while working.

Accordingly, Willard resigned from his position and applied for the security guard position. In response, the Lufkin Facility informed Willard that he was not eligible for this position because he resigned from his previous position.

After filing a Charge of Discrimination jointly with the Equal Employment Opportunity Commission and the Texas Workforce Commission-Civil Rights Division, which was dismissed, Willard filed the instant suit on March 4, 2020. HHS filed a Plea to the Jurisdiction and Motion for Summary Judgment, which the trial court denied. This appeal followed.

## PLEA TO THE JURISDICTION

In its first issue, HHS argues that Willard has not alleged sufficiently a disability discrimination claim which overcomes its sovereign immunity because he has not alleged a disability nor has he alleged an adverse employment action. In its second issue, HHS argues that Willard failed adequately to plead a failure to accommodate cause of action to overcome its sovereign immunity.

### Standard of Review

Sovereign immunity protects state agencies from lawsuits unless the Legislature waives the immunity. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *Tex. Dep't of Criminal Justice v. Flores*, 555 S.W.3d 656, 661 (Tex. App.–El Paso 2018, no pet.); *Phillips v. Tex. Dep't of Criminal Justice*, 366 S.W.3d 312, 315 (Tex. App.–El Paso 2012, no pet.). A governmental unit's sovereign immunity deprives a trial court of subject matter jurisdiction. *Miranda*, 133 S.W.3d at 225–26; *Tirado v. City of El Paso*, 361 S.W.3d 191, 194

(Tex. App.–El Paso 2012, no pet.). The Legislature has created a limited waiver of immunity for claims properly brought under the Texas Labor Code. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). That waiver, however, extends only to those suits where the plaintiff actually alleges a violation of the Labor Code by pleading facts that state a claim thereunder. *Id.* at 636. Absent a pleading which sets forth a prima facie case, the state's immunity from suit is not waived. *See id.*

A governmental entity may challenge the existence of that prima facie case through a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Univ. of Tex. at El Paso v. Ochoa*, 410 S.W.3d 327, 330 (Tex. App.–El Paso 2013, pet. denied). When a plea to the jurisdiction challenges the facts pleaded in a petition, courts must construe the pleadings liberally in favor of the plaintiff. *Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 791 (Tex. App.–Houston [1st Dist.] 2012, no pet.). If the pleadings do not allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction—that is, if there is a gap in jurisdictional facts or a complete absence of them—the trial court is required to afford the plaintiff an opportunity to amend its pleadings. *Id.* On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *See Miranda*, 133 S.W.3d at 227.

The plea might attack the face of the pleading, but it also may include evidence which places into issue the existence of a jurisdictional fact. *See Miranda*, 133 S.W.3d at 226–27; *Coll. of the Mainland v. Glover*, 436 S.W.3d 384, 391 (Tex. App.–Houston [14th Dist.] 2014, pet. denied). Here, while HHS presented evidence in support of its combination plea to the jurisdiction/motion for summary judgment, such evidence related only to a limitations argument that it has not pursued on appeal.[2] Thus, it was not necessary for Willard to present evidence to support the allegations in his pleadings. *See Zumwalt v. City of San Antonio*, No. 03-11-00301-CV, 2012 WL 1810962, at *8 (Tex. App.–Austin May 17, 2012, no pet.) (mem. op.).

_____

[2] Because the evidence HHS submitted, presumably in support of its motion for summary judgment, does not relate to the issues it raises on appeal, we are conducting our analysis solely on its plea to the jurisdiction and the plea's attacks on Willard's pleadings. *See Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 794 (Tex. App.–Houston [1st Dist.] 2012, no pet.) (court's subject-matter jurisdiction cannot be challenged in no-evidence motion for summary judgment).

Ultimately, we review de novo the issue of whether a trial court has subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 226–27; *Flores*, 555 S.W.3d at 662. In so doing, we must accept as true all factual allegations in the petition. *State of Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.–Corpus Christi 2004, no pet.). We further must examine the pleader's intent and construe the pleading in the plaintiff's favor. *See Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002).

**Disability Discrimination Cause of Action**

The Labor Code prohibits discrimination that occurs "because of or on the basis of a physical or mental condition that does not impair an individual's ability to reasonably perform a job." TEX. LAB. CODE ANN. § 21.105 (West 2021). To establish a prima facie case of disability discrimination, a plaintiff must show that (1) he has a "disability;" (2) he is "qualified" for the job; and (3) he suffered an adverse employment decision because of that disability. *Flores*, 555 S.W.3d at 662; *Donaldson v. Tex. Dep't of Aging & Disability Servs.*, 495 S.W.3d 421, 434 (Tex. App.–Houston [1st Dist.] 2016, pet. denied).

*Adverse Employment Decision*

HHS argues, among other things, that Willard's pleadings negate the element of his having suffered an adverse employment decision because of his alleged disability, i.e., he alleged that he resigned his position at the Lufkin Facility.

The statute at issue addresses only "ultimate employment decisions[;]" it does not address every decision made by an employer that arguably might have some tangential effect upon employment decisions. *Anderson v. Houston Cmty. College Sys.*, 458 S.W.3d 633, 644 (Tex. App.–Houston [1st Dist.] 2015, no pet.). Generally adverse employment decisions involve hiring, granting leave, discharging, promoting, and compensating employees. *Id.* They do not include disciplinary filings, supervisor's reprimands, poor performance reviews, hostility from fellow employees, verbal threats to fire, criticism of the employee's work, or negative employment evaluations. *Id.*

In the instant case, Willard alleged that he resigned based on the representation that he would be rehired in another capacity. However, Willard has not presented, nor is this court aware of, any authority that supports the proposition that resignation based on an ultimately unfulfilled promise to rehire amounts to an adverse employment action in a disability

discrimination suit. Willard contends that such an action amounts to constructive discharge. However, to constitute a constructive discharge, the employer's actions must have been taken with the intention of forcing the employee to resign. *See Tiner v. Tex. Dep't of Transp.*, 294 S.W.3d 390, 395 (Tex. App.–Tyler 2009, no pet.). Here, Willard's allegations do not suggest that his resignation was forced. *See id.*;[3] *see, e.g.*, *Wal-Mart Stores, Inc. v. Bertrand*, 37 S.W.3d 1, 9 (Tex. App.–Tyler 2000, pet. ref'd) (no constructive discharge where worker alleged that he received unfavorable evaluations, was asked if he wished to transfer, had disciplinary procedures initiated against him, was refused permission to attend to personal matters on his lunch break, and had manager make derogatory comments to him).

Because Willard's pleadings affirmatively negate the adverse employment action element of his disability discrimination cause of action, we conclude that the State did not waive sovereign immunity with regard to that cause of action. Accordingly, we hold that the trial court erred in denying HHS's plea to the jurisdiction as to that cause of action. HHS's first issue is sustained.

**Failure to Accommodate Cause of Action**

HHS next argues that Willard failed adequately to plead his failure to accommodate cause of action so as to overcome HHS's sovereign immunity. Specifically, HHS argues that Willard does not allege that he requested an accommodation, resigned before HHS could make a reasonable accommodation, and failed adequately to allege that he suffered from a "disability."

To establish a prima facie case that HHS failed reasonably to accommodate his disability, Willard was required to allege that (1) he has a "disability," (2) an employer covered by the statute had notice of his disability, (3) with "reasonable accommodations," he could perform the "essential functions" of his position, and (4) the employer refused to make such accommodations. *See Hagood v. Cty. of El Paso*, 408 S.W.3d 515, 524 (Tex. App.–El Paso 2013, no pet.); *see also Tex. Parks & Wildlife Dep't v. Gallacher*, No. 03-14-00079-CV, 2015 WL 1026473, at *4 (Tex. App.–Austin Mar. 4, 2015, no pet.) (mem. op.).

---

[3] Whether an employee would feel forced to resign is case and fact specific, but the following employment actions are relevant, singly or in combination: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger or less experienced/qualified supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement (or continued employment on terms less favorable than the employee's former status). *Tiner v. Tex. Dep't of Transp.*, 294 S.W.3d 390, 395 (Tex. App.–Tyler 2009, no pet.).

*Failure to Request Accommodation*

HHS first argues that Willard failed to allege that he requested an accommodation. *See LeBlanc v. Lamar State Coll.*, 232 S.W.3d 294, 300 (Tex. App.–Beaumont 2007, no pet.) (plaintiff has burden to request reasonable accommodations; he cannot expect employer to have "extra-sensory perception" about accommodations that would allow him to perform his job's essential functions). In his pleadings, Willard alleges that after he submitted a doctor's note as requested by the Unit Director, the Unit Director told him he could work in the infirmary but later told him he could quit and reapply for the security guard position, which would allow him to sit down while working, and which fit the accommodation set forth in the doctor's note. We conclude that Willard's pleadings reasonably can be construed to convey that he requested an accommodation by way of submitting a doctor's note to the Unit Director as requested. Furthermore, the allegations suggest that the Unit Director was discussing alternative positions with Willard, including a position that would enable him to sit while doing his job. Willard's pleadings make clear that HHS understood that Willard was seeking an accommodation that would allow him to work without being required to stand for prolonged periods of time. Therefore, we conclude that Willard sufficiently alleged that he requested an accommodation and HHS was aware of the nature of such a requested accommodation.

*Lack of Opportunity to Make Reasonable Accommodation*

HHS next argues that after the Unit Director suggested Willard could work in the infirmary, Willard quit his position before HHS could make any reasonable accommodation. Yet HHS's argument ignores Willard's allegation that the Unit Director followed his suggestion that Willard could work in the infirmary with a later statement that Willard, as a new hire, could be fired but instead suggested that Willard could quit his position and reapply for the security guard position. Willard's allegations suggest that the idea of his quitting originated from was suggested by the Unit Director as part of an accommodation process, which would culminate in his being rehired as a security guard, which, as Willard alleges, fit the accommodation suggested in the doctor's note he submitted. We conclude that based on the entirety of Willard's pleadings, his quitting can be interpreted as part of the suggested accommodation process, rather than an impediment to it.

*Inadequacy of Pleadings on "Disability*

Lastly, HHS argues that Willard did not adequately allege that he has a "disability." Under Chapter 21, "Disability" means, "with respect to an individual, a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being 'regarded as' having such an impairment." TEX. LAB CODE ANN. § 21.002(6) (West 2021). "Disability" is construed broadly and includes an impairment that is episodic or in remission that substantially limits a major life activity when active. *Id.* § 21.0021(a)(1), (2); *Tex. Dep't of Family & Protective Servs. v. Howard*, 429 S.W.3d 782, 787 (Tex. App.–Dallas 2014, pet. denied). In Chapter 21, "major life activity" includes, but is not limited to walking and standing. *See id* § 21.002(11-a). An impairment "substantially limits" if the individual is

> [u]nable to perform a major life activity that the average person in the general population can perform; or [s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

*Howard,* 429 S.W.3d at 787. The determination of whether an impairment substantially limits a major life activity is made without regard to the ameliorative effects of mitigating measures, including medication. *See* TEX. LAB. CODE ANN. § 21.0021(b)(1); *Howard*, 429 S.W.3d at 787.

As an alternative to proving that he has a disability, Willard could allege that HHS regarded him as disabled. To do so, Willard must prove that his employer perceived that he had a physical impairment, other than an impairment that is minor and is expected to last or actually lasts less than six months, regardless of whether the impairment limits or is perceived to limit a major life activity. *See* TEX. LABOR CODE ANN. § 21.002(12-a); *see also* ***Okpere v. Nat'l Oilwell Varco, L.P.***, 524 S.W.3d 818, 828 (Tex. App.–Houston [14th Dist.] 2017, pet. denied).

In the instant case, Willard's pleadings set forth that after a few weeks of working the night shift, he began to have pain in his leg and began using a cane at work. A few months later, he was told to report to work at a different residence, where the Charge Person told him that "he couldn't work for her 'like that,' referring to his cane." According to Willard's pleadings, the Unit Director instructed Willard to submit a doctor's note for the cane, which he did.

7

Based on our review of the pleadings, we conclude that they set forth with reasonable certainty that Willard has an impairment that limits his ability to walk without use of a cane. The pleadings further convey that Willard submitted a doctor's note to HHS with regard to his impairment, but they offer no details about the substance of the note.[4] The substance of that doctor's note and further details about Willard's impairment could clarify the extent to which he is unable to perform a major life activity that the average person in the general population can perform. *See Howard*, 429 S.W.3d at 787. Furthermore, Willard's allegations that the Charge Person told him he "couldn't work for her 'like that'" suggest that the Charge Person perceived that he had a physical impairment, but it does little to convey that the Charge Person believed the impairment to be a minor one, which is expected to last less than six months.

In sum, while Willard's pleadings do not negate the existence of his having a disability or his being "regarded as" having a disability, we cannot conclude that they allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction on the issue of Willard's having a disability. As a result, Willard should be afforded the opportunity to amend his pleadings. *Woods*, 388 S.W.3d at 791. HHS's second issue is sustained.

## DISPOSITION

Having sustained HHS's first and second issues, we ***reverse*** the trial court's order denying HHS's plea to the jurisdiction, ***render*** judgment dismissing Willard's disability discrimination cause of action for want of jurisdiction, and ***remand*** the remainder of the cause to the trial court to afford Willard the opportunity to amend his pleadings to provide sufficient allegations to demonstrate affirmatively the trial court's jurisdiction on his failure to accommodate cause of action.

GREG NEELEY
Justice

Opinion delivered July 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[4] Willard included the note with his response to HHS's plea to the jurisdiction, but the note was not authenticated. *See City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 616 (Tex. App.–Austin 2007, pet. denied) (inclusion of evidence in response to plea to jurisdiction generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)); *see also* TEX. R. CIV. P. 166a(c), (f).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 30, 2021**

**NO. 12-20-00235-CV**

**TEXAS HEALTH & HUMAN SERVICES COMMISSION LUFKIN STATE SUPPORTED LIVING CENTER,**
Appellant
V.
**GERALD WILLARD,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. CV-00111-20-03)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in order of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the trial court's order denying HHS's plea to the jurisdiction be **reversed;** judgment is **rendered** dismissing Gerald Willard's disability discrimination cause of action for want of jurisdiction; and the cause is **remanded** to the trial court to afford Gerald Willard the opportunity to amend his pleadings to provide sufficient allegations to demonstrate affirmatively the trial court's jurisdiction on his failure to accommodate cause of action in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*