COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| AMERICA TIRADO, | § | No. 08-10-00334-CV |
| Appellant, | § | Appeal from the |
| v. | § | 327th District Court |
| | § | |
| THE CITY OF EL PASO, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2009-393) |
| | § | |

**O P I N I O N**

This is an accelerated interlocutory appeal from a trial court order granting the City of El Paso's plea to the jurisdiction. The suit arises out of a June 2008 car accident between Michael Joseph Lynch and Hilda Muniz Morales. The accident occurred when Muniz failed to observe a stop sign allegedly obscured by palm tree fronds. For the reasons that follow, we reverse and remand.

**FACTUAL SUMMARY**

The car accident between Lynch and Muniz occurred at the intersection of North Campbell Street and Cincinnati Avenue. Campbell runs north and south while Cincinnati runs east and west. Lynch was driving on Cincinnati while Muniz was traveling south in the 2700 block of Campbell. The City had erected a stop sign at the northwest corner of the intersection, controlling southbound traffic on Campbell, but Muniz did not see it and failed to yield the right-of-way. According to the pleadings, the view of the stop sign was obscured by the fronds of a palm tree.

Appellant, America Tirado, lived at the northwest corner residence. The palm trees were located on the parkway between the sidewalk and the street curb, running along the side of Tirado's

home.

Lynch filed suit against Muniz and Tirado alleging negligence causes of action against each defendant. As to Muniz, he complained: (1) she failed keep a lookout "as a person of ordinary prudence would have kept under the same or similar circumstances;" (2) she failed to yield the right-of-way; (3) she ran into Lynch's car; and (4) she failed to stop at the stop sign. With respect to Tirado, the petition alleged she was negligent in: (1) allowing her palm tree to obscure a stop sign; (2) covering up a stop sign; and (3) failing to keep her landscape from interfering with traffic signals. Muniz filed a cross-claim against Tirado alleging that she was negligent in allowing a palm tree to obscure the stop sign, which was the proximate cause of the collision between Lynch and Muniz.

Once it became apparent that Muniz intended to argue that she failed to yield the right-of-way because she could not see the stop sign due to the palm trees, Lynch amended his petition to include the City of El Paso, complaining that the City: (1) created an unsafe condition; (2) failed to warn plaintiff of the dangers; (3) failed to adequately correct the obstruction of palm fronds at the intersection of Cincinnati and Campbell; and (4) failed to cut the palm tree before the wreck.

In response, the City filed a general denial, affirmative defenses, special exceptions, and a cross-claim against Tirado, alleging that as owner/occupant of the property located at the corner of Cincinnati and Campbell, she was in violation of El Paso Municipal Code Sections 12.068.030(A) and (E):

> It shall be the duty of every owner or occupant of any corner lot in the City to keep any and all trees trimmed and pruned of limbs, branches and foliage to a minimum clearance of ten feet above the street level at the nearest curb line in that area of a triangle formed by the intersecting property lines and a diagonal line joining the property lines at points twenty feet from their intersection on such corner lot. . . .

-2-

Notwithstanding the provisions of any other section in this chapter it is unlawful for any person to place, plant or maintain any plant, tree, or other object in such a manner as to obstruct from view any traffic-control device.

Muniz then amended her cross-claim against Tirado to include the City of El Paso.

The City filed a plea to the jurisdiction, contending that all allegations were barred by governmental immunity. It attached the deposition testimony of Tirado; a series of photographs taken the day of the incident; a service request form generated by the City showing a "No Parking Anytime" sign was damaged by the accident between Lynch and Muniz; an incident report; a letter from Lynch to the Mayor and City Council notifying them that he had been injured in a car accident at the intersection of Campbell and Cincinnati; and excerpts of several City ordinances from the El Paso Municipal Code.

Tirado filed a response to the City's plea and a cross-claim against the City for contribution alleging that the palm trees and the stop sign are located on property owned and controlled by the City. She alleged that the City knew or should have known of the obstruction and that under Section 101.060(a)(2) of the Texas Tort Claims Act, the City waived its immunity. The trial court granted the plea and this appeal follows.

## PLEA TO THE JURISDICTION

A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of a cause of action. *Bland Independent School Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see Texas Department of Transp. v. Jones*, 8 S.W.3d 636, 637-38 (Tex. 1999). A governmental unit's sovereign immunity deprives a trial court of subject matter jurisdiction. *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004) Therefore, a governmental unit, such as The City of El Paso, properly raises the issue by a plea to the

-3-

jurisdiction.  *Id*.

In asserting the plea, the plaintiff bears the burden to allege facts affirmatively proving that the trial court has subject matter jurisdiction.  *Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).  To sue a governmental unit, the pleadings must allege consent to suit either by reference to statute or express legislative permission.  *Jones*, 8 S.W.3d at 638-39; *City of El Paso v. Chacon*, 148 S.W.3d 417, 421 (Tex.App.--El Paso 2004, pet. denied).  To prevail on a plea to the jurisdiction, the defendant must show an incurable jurisdictional defect on the face of the pleadings.  *City of Austin v. Rangel*, 184 S.W.3d 377, 381 (Tex.App.--Austin 2006, no pet.), *citing MAG-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 624 (Tex.App.--Austin 2005, pet. denied).

*Standard of Review*

The existence of subject matter jurisdiction is a legal question which we review *de novo*. *Miranda*, 133 S.W.3d at 226-27; *State Dept. of Highways and Public Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002).  In conducting our review, we do not look at the merits of the case but construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept the pleadings' factual allegations as true.  *Texas Dept. of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002); *Texas Ass'n of Business*, 852 S.W.2d at 446; *Arnold v. University of Texas Southwestern Medical Center at Dallas*, 279 S.W.3d 464, 467 (Tex.App.--Dallas 2009, no pet.); *City of Austin v. Lamas*, 160 S.W.3d 97, 100 (Tex.App.--Austin 2004, no pet.).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to the extent necessary to resolve the jurisdictional issues raised, just as the district court is required to do.  *Miranda*, 133 S.W.3d at 227, *citing Bland Ind. Sch.*

*Dist.*, 34 S.W.3d at 555. Where a plea to the jurisdiction includes evidence, and the jurisdictional challenge implicates the merits of the plaintiff's cause of action, the trial court reviews the relevant evidence to determine if a fact issue exists. *Miranda*, 133 S.W.3d at 227. If the evidence shows a fact question regarding the jurisdictional issue, a plea to the jurisdiction may not be granted and the fact finder should resolve the fact issue. *Id*. at 228. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the plea to the jurisdiction may be ruled on as a matter of law. *Id*.

*Issues for Review*

On appeal, Tirado complains that the trial court erred because (1) sufficient facts were pled demonstrating jurisdiction; (2) the City owns and controls the stop sign, has exerted control over the maintenance of the palm tree, and therefore has a duty to maintain the stop sign clear from obstruction; (3) a fact question exists with respect to whether the City knew or should have known that the stop sign was obstructed; and (4) a fact question exists with respect to whether the City corrected the defect.

*Sufficiency of the Pleadings*

Generally, the State, its agencies, and subdivisions enjoy sovereign immunity from tort liability. *See The University of Texas at Austin v. Hayes*, 327 S.W.3d 113, 115-16 (Tex. 2010); *Chacon*, 148 S.W.3d at 421. Here, it is undisputed that a municipality such as the City of El Paso is a "governmental unit" under the Texas Tort Claims Act ("the Act") and therefore immune from liability for governmental functions unless that immunity is specifically waived. *Miranda*, 133 S.W.3d at 225; *Chacon*, 148 S.W.3d at 421. When a claim is barred by sovereign immunity, the trial court lacks subject-matter jurisdiction and dismissal with prejudice is proper. *Miranda*, 133 S.W.3d

-5-

at 224, 225. The Texas Tort Claims Act provides a limited waiver of sovereign or governmental immunity in certain situations, to the extent of liability for:

> [P]ersonal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC.&REM.CODE ANN. § 101.021(2)(West 2011). Section 101.060(a)(2) limits the extent of governmental liability in Section 101.021 above by providing that the chapter allowing for governmental liability does not apply to a claim arising from:

> [T]he absence, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condition, or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice.

TEX.CIV.PRAC.&REM.CODE ANN. § 101.060(a)(2).

We first consider whether the pleadings and relevant jurisdictional evidence state a claim under which the City may have waived its immunity under Section 101.060(a)(2). *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 555 ("In sum, a court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. The court should, of course, confine itself to the evidence relevant to the jurisdictional issue.").

The pleadings here were initially sufficient to state the basis of the trial court's jurisdiction predicated on the alleged waiver of sovereign immunity under Section 101.060(a)(2). The record demonstrates that Lynch and Muniz pled that their injuries arose out of an automobile accident which was proximately caused by the City's negligence in failing to maintain a stop sign free from obstruction. Both parties pled palm tree fronds obstructed the stop sign. The Texas Supreme Court has held that the obstruction of a stop sign by branches and/or trees is a "condition" of the sign within

-6-

Section 101.060(a)(2). *See Lorig v. City of Mission*, 629 S.W.2d 699 (Tex. 1982). Additionally, Tirado specifically alleged the City waived its immunity under Section 101.060(a)(2). Therefore, it is clear from the pleadings that the parties are alleging the City is liable for injuries caused by a condition of "tangible personal or real property," *i.e.* the obstructed stop sign, and that any limitation placed on the City's liability under Section 101.060(a)(2) does not apply because the City had actual or constructive knowledge of the defect prior to the accident and failed to correct it. Therefore, to the extent Tirado's first issue argues the pleadings were sufficient to allege a claim, we sustain Issue One.

*Is There a Fact Issue?*

Where, as here, a defendant tenders evidence to establish that the trial court lacks subject-matter jurisdiction as a matter of law, the burden shifts to the plaintiff to demonstrate the existence of a material fact regarding the jurisdictional issue. *Miranda*, 133 S.W.3d at 228; TEX.R.CIV.P. 166(a)(c). Under this procedure, the City cannot simply deny the existence of jurisdictional facts and force the plaintiff's to raise a fact issue. *See* TEX.R.CIV.P. 166(a)(i); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). To prevail on its plea to the jurisdiction, the City must demonstrate an incurable defect in the pleadings. In other words, the City has the burden to show through its plea to the jurisdiction and attached evidence that it did not owe a duty as a matter of law and therefore the claims are barred by sovereign immunity. *See Robnett v. City of Big Spring*, 26 S.W.3d 535, 538 (Tex.App.--Eastland 2000, no pet.).

In *Robnett*, the trial court granted summary judgment based on sovereign immunity in a dispute over the city's failure to maintain a stop sign allegedly obstructed by an elm tree. *Robnett*, 26 S.W.3d at 536-38. The Eastland Court of Appeals reversed the decision. *Id.* The court relied on the

-7-

fact that evidence introduced through affidavits indicated that there had been prior accidents due to the obstructed sign, that the police officer on the scene personally knew that the tree in question was a problem, and, according to the trial judge, that "everyone in town" knew about the intersection. *Id.* at 537. The court held that for governmental immunity to be waived under Section 101.060(a)(2), the governmental unit must have either known or should have known of the condition within a reasonable time after notice. *Id.* at 538. The court then reasoned that the Section 101.022(a) limitation on premises defects that actual notice be shown does not govern special defects under Section 101.060 and that, had the Legislature wanted to require actual notice in Subsection (a)(2) as it requires in Subsection (a)(3), then it "certainly knew how to so provide, but it did not." *Id.*

In *Kenneally v. Thurn*, 653 S.W.2d 69 (Tex.App.--San Antonio 1983, writ ref'd n.r.e.), the plaintiffs brought suit for injuries received by Timothy Kenneally after a car accident. *Kenneally*, 653 S.W.2d at 71. Plaintiffs sued the other driver for negligence, his father (under the theory of negligent entrustment), the City of San Antonio (for negligently permitting obstruction of a stop sign by crepe myrtle bushes); and (4) the occupant of the home at the corner where the accident occurred (for negligent failure to trim the bushes which were located on her property but within the City's easement). *Id.* The case proceeded to a jury trial, but after the jury had been empaneled and sworn, the plaintiffs announced they had settled their claim against the home owner and took a nonsuit as to her. *Id.* At the close of testimony, the trial court granted the City's motion for instructed verdict. *Id.* The court of appeals reversed, noting that "the obstruction of a traffic sign by trees or bushes is a 'condition' of such sign, exposing the municipality to liability under [the Act] for negligent failure to keep the view of the sign unobstructed." *Id.* at 72. The court added:

There is sufficient evidence to raise a question of fact as to whether the condition had

-8-

existed for such a length of time that City, in the exercise of reasonable diligence, should have discovered it. The photographs introduced in evidence showed that the bushes were scraggly, indicating that they had not been trimmed in some time. One of the residents in the area testified that the bushes had been there as long as she could remember. The evidence also showed that various police officers of the City, while on routine patrol, drove through the intersection, driving in an easterly direction, several times a month.

*Id*.

To prevail on appeal, Tirado must demonstrate the existence of a fact issue with respect to whether the City had either type of notice. *See id*. The evidence includes deposition testimony and traffic reports from three prior accidents at the intersection of Cincinnati and Campbell. *See University of Texas Pan-American v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008)(noting that in determining whether a party had notice, courts generally consider whether the party has previously received reports of prior injuries). The first accident occurred on September 18, 2006. The second and third accidents both occurred on September 11, 2007, within an hour of each other. According to the September 11 accident reports, the officer who responded to the first accident was still at the scene and witnessed the second accident. The driver who was traveling on Campbell and failed to stop informed the officer that she could not see the stop sign because it was obstructed by a tree branch. The evidence also includes deposition testimony from Daryl Cole, the director of the City's street department, who said that based on the two accidents occurring on the same day, there must be an issue with respect to visibility of the stop sign at the intersection. Finally, the evidence includes affidavits from three City of El Paso employees who all stated that they are trained to recognize visual obstructions that would interfere with traffic and remove them immediately. Based on the relevant jurisdictional evidence, a fact issue exists with respect to whether or not the City waived immunity under Section 101.062 of the Act. We sustain Issues Three and Four.

*The Municipal Codes*

In Issue Two, Tirado argues that the trial court erred because the City owns and controls the stop sign, has exerted control over the maintenance of the palm tree, and therefore has a duty to maintain the stop sign clear from obstruction. The governmental duties owed by the City are governed by Section 101.022. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.022; *Chacon*, 148 S.W.3d at 421-22. Section 101.022(a) provides:

> (a) [I]f a claim arises from a *premise defect*, the governmental unit owes to the claimant only the duty that a private person owes a licensee on private property, unless the claimant pays for the use of the premises. [Emphasis added].

TEX.CIV.PRAC.&REM.CODE ANN. § 101.022(a). The duty articulated in this subsection requires:

> [T]hat a landowner not injure a licensee by willful, wanton, or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not.

*See Robnet*, 26 S.W.3d at 537, *citing State Department of Highways & Public Transportation v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). Section 101.022(a) limits the duty owed by a governmental unit by requiring *actual knowledge* of the dangerous condition. This limitation is recognized in Subsection (b) of Section 101.022, which provides:

> (b) The limitation of duty in this section does not apply to the duty to warn of *special defects* such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as required by Section 101.060. [Emphasis added].

TEX.CIV.PRAC.&REM.CODE ANN. § 101.022(b). In cases involving a special defect, the governmental unit owes a claimant the duty that a private landowner owes an invitee. *Robnett*, 26 S.W.3d at 537, *citing County of Harris v. Eaton*, 573 S.W.2d 177, 180 (Tex. 1978). "That duty requires the landowner to use ordinary care to reduce or eliminate an unreasonable risk of harm

created by a condition of which the owner reasonably should be aware." *Robnett*, 26 S.W.3d at 537, *citing Payne*, 838 S.W.2d at 237.

The record includes several excerpts of the El Paso Municipal Code which were submitted as part of the City's plea to the jurisdiction. The ordinances which the City cites place the burden on the owner or occupier of a corner lot to keep trees trimmed to a certain clearance. The City appears to rely on these codes to resolve any jurisdictional issue by claiming the municipal code sections relieve the City of any duty, and therefore any liability, regarding the condition of stop signs located on corner residential lots.

Citing *City of El Paso v. Chacon*, 148 S.W.3d 417 (Tex.App.--El Paso 2004, pet. denied), Tirado contends the City cannot use the ordinances to shift the responsibility for maintaining the corner street sign to Tirado in such a way that the trial court would lack subject matter jurisdiction over any claim against the City. In *Chacon*, the plaintiff was injured while walking down a sidewalk when he stepped into a hole where a traffic control device or utility pole had once been placed. *Chacon*, 148 S.W.3d at 417, 419. When the pole was removed, the hole was not covered and no warning signs were posted. *Id*. at 419. The plaintiff claimed that at the time of the injury, the hole was visually obstructed by foliage. *Id*. In its plea to the jurisdiction, the City argued that the defect was an ordinary defect such that it owed only the duty of care that a private party owes a licensee. *Id*. It also argued that under the applicable municipal code provisions, the duty to maintain the sidewalk and remedy the defect (the visual obstruction) was shifted to the abutting property owner. *Id*. at 419, 426. The trial court denied the plea and the City appealed. After determining that the defect was a special defect, the court noted that actual knowledge was not necessary to establish a claim based on a special defect. *Id*. at 425. A claimant must prove: (1) a condition of the premises,

-11-

(2) the owner knew or should have known of the condition; (3) the owner failed to exercise ordinary care to protect the invitee from danger; and (4) the owner's failure was a proximate cause of the injury to the invitee. *Id.*, *citing Payne*, 838 S.W.2d at 237. We then looked to Chacon's pleadings to determine whether he alleged facts which, if taken as true, sufficiently supported jurisdiction. *Chacon*, 148 S.W.3d at 425-26. In finding Chacon properly pled a cause of action we reasoned:

> We find that Chacon sufficiently pled an unreasonable risk of harm, the first element, by stating that the hole was large, gaping, uncovered, and located on a pedestrian sidewalk. He pled that the hole was a condition about which the City knew or should have known since the City had installed the device and then removed it. Moreover, the hole had been there for a substantial period of time. This sufficiently pleads the second element. Third, Chacon pled failure to exercise ordinary care by stating that the City failed to repair the hole and failed to warn of the danger. Finally, Chacon pled that the accident was the direct and proximate cause of injuries he sustained to his back, leg, knee, and hips. The trial court properly denied the City's motion to dismiss based on a plea to the jurisdiction.

*Id.* at 426. We then turned to the City's argument regarding the City ordinances that shifted responsibility to abutting property owners and examined El Paso Municipal Code Section 13.04.050:

> [H]ere, Section 13.04.050 operates as a 'valid ordinance to the contrary.' While Section (A) requires an abutting owner to maintain the sidewalk, it does not impose a duty to comply with the ordinance, and does not in and of itself render the owner liable for injuries. He only becomes liable when the ordinance expressly imposes liability for injuries occasioned by the defective condition. Thus, we concentrate on Section (E): 'The owner of property abutting . . . a sidewalk . . . that has become defective and has resulted in . . . injury . . . *shall be primarily liable* . . . for any loss or damage sustained . . . .' [Emphasis in original].

> The Supreme Court has examined a similar ordinance which provided that the abutting property owner should be *'primarily liable'* for any damages sustained as a result of a defective condition. The terms 'primarily liable' and 'primary liability' were plainly relative and connoted secondary liability on the part of the city. Giving the phrases their ordinary and obvious meaning, the terms did not enlarge or diminish the liability of either the abutting owner or the city. 'As between the two, the liability of the former is primary to that of the latter' but that otherwise, the liability of the two was identical because it arose from a breach of the same duty. [Citations omitted].

-12-

*Id*. at 427. We then concluded that, "the abutting property owner's duties and responsibilities under the El Paso Municipal Code do not relieve the City of its liability." *Id*.

The City argues that it is not seeking to shift responsibility but that it "has established, as a matter of law that it neither knew nor should have known that the stop sign was obstructed prior to June 30, 2008; therefore it remains immune." We disagree. The record contains crew reports evidencing that the City was sent to trim the branches on at least two occasions after three separate accidents. Each of the affidavits from the City's employees acknowledges the need to remedy the obstruction. While the City spins this evidence as proof it timely corrects problems of which it has knowledge, it also demonstrates it had constructive notice that the palm fronds grew back and needed regular pruning.

Based on all the evidence, a jurisdictional fact issue exists concerning whether the City knew or should have known of the alleged obstruction and failed to correct the situation prior to June 2008 when the accident occurred. Any issues regarding the relative responsibility of the parties is not properly before this Court in reviewing the trial court's order granting the plea to the jurisdiction.

## CONCLUSION

A plea to the jurisdiction is a procedural hurdle and therefore this opinion does not serve to indicate whether or not the plaintiff's case will satisfy the requisite notice under Section 101.060(a)(2). *See City of Austin v. Lamas*, 160 S.W.3d 97, 103 (Tex.App.--Austin 2004, no pet.) However, because we conclude that a jurisdictional fact issue exists, we reverse and remand.

January 11, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

-13-

Before McClure, J., Rivera, J., and DeHart, Judge
DeHart, Judge, sitting by assignment