

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00427-CV

_____

CITY OF ARLINGTON, Appellant

V.

BETTY WARNER, Appellee

---

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-292659-17

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

In this interlocutory appeal, the City of Arlington appeals from the trial court's order denying its no-evidence summary-judgment motion challenging the trial court's subject-matter jurisdiction over Betty Warner's inverse-condemnation suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). We will affirm.

## Background

In 2005, Warner purchased a three-acre residential property in Arlington. There is a private pond on the property, and the City owns a drainage easement across the property. Warner alleges that when it rains, excessive amounts of water from the surrounding streets (along with large amounts of garbage, waste, and contaminants allegedly diverted by the City) flow through the City's storm sewers and flood her property and pond with water and debris. She also claims that the water and debris exceed the drainage easement's boundaries and its permissible usage and scope. She further complains that the City required her to install an x-inlet box on her property that "creates a damning [sic] effect" that prevents water from draining off her property. According to Warner, the City's actions have deprived her of the enjoyment of her property and pond.

In June 2017, Warner sued the City for inverse condemnation under article 1, section 17, of the Texas constitution, claiming that the City's intentional acts resulted in the taking, damaging, and destruction of her property for public use. *See* Tex. Const. art I, § 17. Warner sought injunctive relief and monetary damages.

2

In September 2018, the City filed a no-evidence summary-judgment motion asserting that its governmental immunity was not waived because (1) Warner failed to adquately plead an inverse-condemnation claim, and (2) she had presented no evidence on the elements of that claim. The City attached no evidence to its motion. Warner responded, and the City objected to some of Warner's summary-judgment evidence. The trial court sustained the objections but denied the City's motion.

The City has filed an interlocutory appeal raising two issues: (1) whether a governmental entity may use a no-evidence summary-judgment motion as a vehicle to challenge subject-matter jurisdiction after the opposing party has had adequate time for discovery and (2) if such a motion is a permissible means to challenge subject-matter jurisdiction, whether Warner's response to the City's no-evidence summary-judgment motion raised a fact issue on the jurisdictionally required intent element of her inverse-condemnation suit.

## Inverse Condemnation

Article I, section 17, of the Texas constitution—the "takings clause"—waives governmental immunity for the taking, damaging, or destruction of property for public use without adequate compensation. *See id.*; *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980). When a governmental entity intentionally takes private property for public use without adequately compensating the landowner, "the owner may recover damages for inverse condemnation." *Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 554 (Tex. 2004). To establish an inverse-condemnation claim

3

under the Texas constitution, a plaintiff must plead and prove (1) an intentional governmental act (2) that resulted in the taking, damaging, or destruction of her property (3) for public use. *See Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001).

### Standard of Review

Because it challenged the trial court's subject-matter jurisdiction over Warner's inverse-condemnation suit, we review the City's no-evidence summary-judgment motion as a plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (providing for an appeal from an interlocutory order granting or denying a governmental unit's plea to the jurisdiction), § 101.001(3)(B) (defining "governmental unit" to include a city as a political subdivision of the state); *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) ("The Legislature provided for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used."); *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) (observing that an interlocutory appeal may be taken under section 51.014(a)(8) whether a jurisdictional argument is presented in a plea to the jurisdiction or a summary-judgment motion because the right of appeal is tied to the substance of the issue raised and not to any particular procedural vehicle). A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Whether a court has subject-matter jurisdiction is a legal question, and we review de

4

novo a trial court's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004).

A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights I.S.D. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). Although the City challenged Warner's pleadings in the trial court, it has expressly waived that challenge on appeal (along with most of its challenges to the jurisdictional facts) and focuses solely on whether Warner established the "jurisdictionally required element of intent." The standard of review for a jurisdictional plea challenging jurisdictional facts "mirrors that of a [traditional] summary judgment under Texas Rule of Civil Procedure 166a(c)." *Miranda*, 133 S.W.3d at 228. Under this standard, as the movant, the governmental entity has the burden to assert and prove with evidence that the trial court lacks subject-matter jurisdiction. *See Mission Consol. I.S.D. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) ("Initially, the defendant carries the burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction."); *see also Miranda*, 133 S.W.3d at 228. If the governmental entity discharges this burden, only then must the plaintiff present evidence sufficient to raise a material fact issue regarding jurisdiction. *See Mission Consol. I.S.D.*, 372 S.W.3d at 635 (citing *Miranda*, 133 S.W.3d at 228).

## Analysis

In its first issue, the City recognizes that this court has recently held that a governmental entity cannot use a no-evidence summary-judgment motion "as a

5

vehicle to defeat jurisdiction or otherwise circumvent its burden to disprove jurisdiction."[1] *Town of Shady Shores v. Swanson*, 544 S.W.3d 426, 435 (Tex. App.—Fort Worth 2018, pet. pending). In that case, we explained that under the framework set out by the Texas Supreme Court, a governmental entity must produce evidence negating jurisdiction before the plaintiff has any burden to produce jurisdictional evidence. *Id.*; *see Mission Consol. I.S.D.*, 372 S.W.3d at 635 (reiterating that when challenging the existence of jurisdictional facts, the defendant governmental entity carries the burden to meet the summary-judgment-proof standard for its assertion that the trial court lacks jurisdiction); *Miranda*, 133 S.W.3d at 228 (stating that for jurisdictional pleas challenging the existence of jurisdictional facts, requiring the state to meet the summary-judgment standard of proof protects plaintiffs "from having to 'put on their case simply to establish jurisdiction'" and that a plaintiff must come forward with evidence to raise a fact question regarding the jurisdictional issue only "after the state asserts and supports with evidence that the trial court lacks subject matter jurisdiction" (citation omitted)). "Simply put, a governmental entity cannot file a no-evidence motion for summary judgment on governmental immunity grounds to altogether avoid the jurisdictional burden that it would have to demonstrate when asserting a plea to the jurisdiction." *Shady Shores*, 544 S.W.3d at 436. In our view, a

---

[1]We issued our opinion in *Shady Shores* some eight months before the City filed its no-evidence motion.

contrary holding "would effectively turn Texas governmental immunity jurisprudence on its head." *Id.*

We decline the City's invitation to overrule *Shady Shores*.[2] Here, the City denied the existence of jurisdictional facts but never came forward with any evidence to disprove Warner's inverse-condemnation allegations. Thus, the burden never shifted

---

[2]As the City recognizes, this court is not alone in holding that a no-evidence summary-judgment motion is an improper means to challenge subject-matter jurisdiction. *See, e.g.*, *City of El Paso v. Collins*, 483 S.W.3d 742, 755–56 (Tex. App.—El Paso 2016, no pet.) (holding that a defendant governmental entity "cannot simply deny the existence of jurisdictional facts and force the plaintiffs to raise a fact issue" and that before a plaintiff has any burden to come forward with jurisdictional evidence, the governmental entity must first come forward with sufficient evidence to negate jurisdiction (quoting *Tirado v. City of El Paso*, 361 S.W.3d 191, 196 (Tex. App.—El Paso 2012, no pet.))); *Arthur v. Uvalde Cty. Appraisal Dist.*, No. 04-14-00533-CV, 2015 WL 2405343, at *9 (Tex. App.—San Antonio May 20, 2015, pet. denied) (mem. op.) ("Permitting UCAD to challenge subject matter jurisdiction in a no-evidence motion for summary judgment improperly shifts the jurisdictional evidentiary burdens."); *Thornton v. Ne. Harris Cty. MUD 1*, 447 S.W.3d 23, 40 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("Permitting MUD to challenge subject matter jurisdiction in a no-evidence motion for summary judgment improperly shifts the jurisdictional evidentiary burdens—effectively requiring the Thorntons to fully marshal their evidence simply to establish jurisdiction and eliminating any burden on MUD as a governmental entity to disprove jurisdiction."); *see also City of Austin v. Rangel*, 184 S.W.3d 377, 382 (Tex. App.—Austin 2006, no pet.) (stating, as dicta, that a "defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue"); *cf. Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 793–94 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (holding that nongovernmental-entity defendants could not challenge standing through a no-evidence motion because such a procedure would "allow defendants an end run around the safeguards established by the Texas Supreme Court"). *But see City of Haltom City v. Aurell*, 380 S.W.3d 839, 846–59 (Tex. App.—Fort Worth 2012, no pet.) (reversing the denial of governmental entity's no-evidence summary-judgment motion on immunity grounds without considering whether such a motion was the proper procedural vehicle for challenging immunity).

7

to Warner to come forward with any evidence to support those allegations. *See id.* at 435–36.

In accordance with our holding in *Shady Shores*, we therefore conclude and hold that the trial court did not err by denying the City's no-evidence summary-judgment motion challenging the court's subject-matter jurisdiction over Warner's inverse-condemnation suit. *See id.* We overrule the City's first issue, which is dispositive of this appeal, and thus do not address its second, which asks us to determine whether Warner's evidence sufficed to raise a fact issue on intent. *See* Tex. R. App. P. 47.1.

## Conclusion

Having overruled the City's dispositive first issue, we affirm the trial court's order denying the City's no-evidence summary-judgment motion.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: June 20, 2019