**Affirmed in Part, Reversed and Rendered in Part, Remanded, and Opinion Filed March 7, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00035-CV**

**CITY OF DALLAS, Appellant**
**V.**
**EVELYN MCKELLER, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-10550**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Partida-Kipness

Appellee Evelyn McKeller sued the City of Dallas for injuries sustained when she fell into an open water meter hole on a sidewalk in downtown Dallas. The City filed a plea to the jurisdiction, which the trial court denied. The City now appeals the denial of its plea to the jurisdiction. Because we conclude the evidence was sufficient to show the City had actual knowledge of the defect to raise a fact question for the jury, we affirm the denial of the plea as to McKeller's premises liability claim. However, we dismiss McKeller's negligence claim for want of jurisdiction because

McKeller's first amended petition affirmatively demonstrates incurable jurisdictional defects as to her negligence claim.

## BACKGROUND

On July 14, 2019, the City received a service request regarding a water meter box with a missing or broken lid located on the sidewalk at 1918 Elm Street in Dallas, Texas. City personnel responded to the location later that day and determined repairs were needed. They did not repair the water meter box at that time because they did not have the appropriate tools and supplies. Richard Sessions, the City's water meter tech who responded to the request, placed a large heavy orange cone on top of the open water meter box. Sessions informed his department of the condition of the water meter box and referred it out for repair. An unknown third party removed the cone sometime after City personnel placed the cone. Twenty-six days later, on August 9, 2019, McKeller fell into the open water meter hole while walking on the sidewalk. The cone was not covering the hole at the time McKeller fell. McKeller sustained bodily injuries from the fall, which required medical intervention. City personnel reset the cone on top of the hole on August 14, 2019, and fully repaired the hole on August 15, 2019.

McKeller sued the City for negligence and premises liability. McKeller's first amended petition was her live pleading at the time the trial court denied the City's plea to the jurisdiction. In that pleading, McKeller asserted negligence and premises liability claims against the City. The premises liability claim is at issue here.

McKeller alleged the City "created a premises defect when it did not timely repair the broken cover to the hole." She further alleged the City "had actual knowledge of the hole itself" because the City "created and covered the hole to house the water line connection within" and knew or should have known of the defect because it remained uncovered long enough "for trash and other debris to collect in the hole . . . ." McKeller also asserted she was a licensee at the time she was injured.

The City filed a plea to the jurisdiction, asserting immunity from McKeller's claims under the Texas Tort Claim Act (TTCA). The City alleged two grounds for immunity. First, the City argued it retained immunity from suit under section 101.060(3) of the civil practice and remedies code because the City "did not have prior actual knowledge that the cone used to warn and/or make reasonably safe the open water meter hole had been removed by a third party." *See* Tex. Civ. Prac. & Rem. Code § 101.060(3) (government unit retains immunity from suit for "the removal or destruction of a traffic or road sign, signal, or warning device by a third person unless the governmental unit fails to correct the removal or destruction within a reasonable time after actual notice."). The City reasoned McKeller could not establish an actionable premises defect claim against it because the City's evidence showed it had no prior actual knowledge the cone was moved. Second, the City argued McKeller could not establish a waiver of immunity for her negligence claim.

In her response to the plea, McKeller presented evidence showing the City had actual knowledge the lid to the water meter hole was broken, which left the water

meter hole open and left a hole in the sidewalk. She maintained the City's actual knowledge of the hole was sufficient to waive the City's sovereign immunity for her premises liability claim under section 101.021(2) of the TTCA. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2) ("A governmental unit in the state is liable for: . . . (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."). She further argued section 101.060, relied on by the City in its plea, is inapplicable because the hazard was located on a sidewalk, not a roadway. In a reply in support of its plea, the City asserted section 101.060 was applicable to the facts at issue and stated McKeller presented no evidence to raise a genuine issue of material fact as to the City's lack of knowledge the cone had been removed.

In an amended response to the plea, McKeller argued the "gaping hole in the sidewalk" is a "special defect" under the TTCA, and she presented "at least a scintilla of evidence" on each element of a tort claim arising from a special defect. *See* TEX. CIV. PRAC. & REM. CODE § 101.022.[1] She also reiterated the inapplicability of

---

[1] (a) Except as provided in Subsection (c), if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

(c) If a claim arises from a premise defect on a toll highway, road, or street, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property.

TEX. CIV. PRAC. & REM. CODE § 101.022.

section 101.060. The City replied to the amended response, argued the hole was not a special defect, and reiterated its position that section 101.060(b) applied to McKeller's claim.

The trial court held a hearing on the plea and, on December 19, 2022[2], denied the City's plea to the jurisdiction. This appeal followed.

**STANDARD OF REVIEW**

In responding to a jurisdictional plea, "the plaintiff must affirmatively demonstrate the court's jurisdiction by establishing a valid waiver of immunity." *Gulf Coast Ctr. v. Curry*, 658 S.W.3d 281, 284 (Tex. 2022). We review de novo a challenge to the trial court's subject-matter jurisdiction based on a failure to demonstrate a waiver of governmental immunity. *Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 96–98 (Tex. 2023) (citing *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). "Appellate review parallels that of summary judgment: a reviewing court should view the evidence in a light favorable to the nonmovant, indulging reasonable inferences from that evidence in the nonmovant's favor." *Fraley*, 664 S.W.3d at 97; *see* Tex. R. Civ. P. 166a(c). To avoid dismissal, a plaintiff must establish that jurisdiction exists as a matter of law or raise

---

[2] The order denying the plea to the jurisdiction is dated December 19, 2022. The index to the Clerk's Record and the City's notice of appeal list December 20, 2022, as the date of the order. The City filed its notice of appeal on Monday, January 9, 2023. The notice of appeal was, therefore, timely regardless of whether the order was signed December 19, 2022, or December 20, 2022. Tex. R. App. P. 4.1(a), 26.1(b).

a fact issue that overcomes the jurisdictional challenge that is intertwined with the merits. *Fraley*, 664 S.W.3d at 97; *Miranda*, 133 S.W.3d at 221.

When a plea to the jurisdiction challenges whether the trial court has subject-matter jurisdiction under the facts as alleged by the plaintiff, the trial court must consider relevant evidence submitted by the parties. *Miranda*, 133 S.W.3d at 227. If the pleadings and, if applicable, evidence show an insufficient jurisdictional basis but do not affirmatively demonstrate incurable jurisdictional defects, the plaintiff should be allowed to amend his petition. *Id.* at 226-27. Only when the pleadings affirmatively negate the existence of jurisdiction should a plea to the jurisdiction be granted without allowing an opportunity to amend. *Id.* at 227.

Where, as here, a defendant tenders evidence to establish the trial court lacks subject-matter jurisdiction as a matter of law, the burden shifts to the plaintiff to demonstrate the existence of a material fact regarding the jurisdictional issue. *Miranda*, 133 S.W.3d at 228; TEX. R. CIV. P. 166(a)(c). The City cannot simply deny the existence of jurisdictional facts and force McKeller to raise a fact issue. *See* TEX. R. CIV. P. 166(a)(i); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). "To prevail on its plea to the jurisdiction, the City must demonstrate an incurable defect in the pleadings. In other words, the City has the burden to show through its plea to the jurisdiction and attached evidence that it did not owe a duty as a matter of law and therefore the claims are barred by sovereign immunity." *Tirado v. City of El Paso*, 361 S.W.3d 191, 196 (Tex. App.—El Paso 2012, no pet.)

(citing *Robnett v. City of Big Spring*, 26 S.W.3d 535, 538 (Tex. App.—Eastland 2000, no pet.)).

## APPLICABLE LAW

Governmental immunity protects the State's political subdivisions, including its cities, against suits and legal liability. *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022). Cities retain immunity unless the Legislature clearly and unambiguously waives it. *Id.* "We interpret statutory waivers of immunity narrowly, as the Legislature's intent to waive immunity must be clear and unambiguous." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (citing TEX. GOV'T CODE § 311.034). The TTCA provides a limited waiver of immunity for certain suits against governmental entities. *Garcia*, 253 S.W.3d at 655. (citing TEX. CIV. PRAC. & REM. CODE § 101.023).

The TTCA waives immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2). The duty imposed on a governmental premises owner depends in part on whether the alleged defect constitutes an ordinary defect or a special defect. *See* TEX. CIV. PRAC. & REM. CODE § 101.022. "In addition, the Act carves out from its waiver of immunity premises claims based on the failure to place signs or signals in the first instance, except when the defect alleged is a special

–7–

defect." *Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 97–98 (Tex. 2023) (citing TEX. CIV. PRAC. & REM. CODE § 101.060).

For an ordinary premises-liability claim, the governmental unit owes the duty that a private person would owe to a licensee. TEX. CIV. PRAC. & REM. CODE § 101.022(a). The duty owed is the duty to warn the licensee of a dangerous condition or to make the condition reasonably safe, but only when the owner is aware of the dangerous condition and the licensee is not. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).

Section 101.022(a) does not apply to the duty to warn of special defects. TEX. CIV. PRAC. & REM. CODE § 101.022(b). In special-defect cases, the government's duty is that of a private landowner to an invitee. *Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 96 (Tex. 2023). For a special defect, the duty is to warn of an unreasonable risk of harm that the premises condition creates when the government owner knows or reasonably should know of that condition. *City of Dallas v. Holmquist*, No. 05-23-00276-CV, 2023 WL 6547911, at *1–2 (Tex. App.—Dallas Oct. 9, 2023, no pet.) (mem. op.) (citing *Fraley*, 664 S.W.3d at 98). Whether a condition qualifies as a special defect is a question of law. *Id.* In addition to the heightened duty to warn, if an alleged defect is a special defect, then the limitation on the waiver of governmental immunity to exclude discretionary decisions about design, signage, and signals does not apply. *Fraley*, 664 S.W.3d at 98 (citing TEX.

–8–

CIV. PRAC. & REM. CODE § 101.060(c)). Whether a condition qualifies as a special defect is a question of law. *Payne*, 838 S.W.2d at 238.

## ANALYSIS

On appeal, the City contends McKeller cannot plead a premises defect claim within the TTCA's waiver of immunity because (1) she was a licensee and the condition is not a special defect, and (2) the City did not have prior actual knowledge the cone had been removed by a third party. The City also contends we should dismiss McKeller's negligence claim for lack of jurisdiction. We will address each issue in turn.

## I.  Immunity Under TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.022.

In its first issue, the City argues the condition was a general premises defect of which it did not have actual knowledge and, therefore, the City remains immune under the TTCA. *See* TEX. CIV. PRAC. & REM. CODE § 101.022. McKeller, in contrast, maintains the condition constitutes a special defect under section 101.022. For purposes of these arguments, the City and McKeller define the condition as the hole itself.

We need not determine if the open water meter hole constitutes a special defect, however, because McKeller had not pleaded special defect at the time the plea was denied. We must consider a plaintiff's live pleadings at the time of the jurisdictional ruling because the determination of whether a trial court has subject-matter jurisdiction begins with the pleadings. *Miranda*, 133 S.W.3d at 226. If the

–9–

pleadings and, if applicable, evidence show an insufficient jurisdictional basis but do not affirmatively demonstrate incurable jurisdictional defects, the plaintiff should be allowed to amend his petition. *Id.* at 226-27. Only when the pleadings affirmatively negate the existence of jurisdiction should a plea to the jurisdiction be granted without allowing an opportunity to amend. *Id.* at 227

At the time of the jurisdictional ruling, McKeller's live pleading asserted she was a licensee and, thus, the open water meter hole was a general premises defect. For the City's immunity from suit to be waived, McKeller has to plead and prove all the elements of a premises defect cause of action applicable to a licensee, which are the following: (1) a condition of the premises created an unreasonable risk of harm to McKeller; (2) the City had actual knowledge of the condition; (3) McKeller did not have actual knowledge of the condition; (4) the City failed to exercise ordinary care to protect McKeller from danger; and (5) the City's failure was a proximate cause of injury to McKeller. *See Payne*, 838 S.W.3d at 237. The City challenged only the second element in its plea to the jurisdiction. The question before us is, thus, whether the evidence was sufficient to raise a fact question as to the City's actual knowledge of the condition.

In the trial court and on appeal, the City and McKeller agree the condition was the hole itself for purposes of analyzing waiver of immunity under section 101.021 and 101.022. The record definitively shows the City knew the lid to the water meter hole was damaged and had been removed. The City concedes this fact. As such,

–10–

there was more than a scintilla of evidence to raise a fact question concerning the City's actual knowledge of the open water meter hole. Under this record, we conclude the trial court did not err by concluding the City had actual knowledge of the defective condition and by denying the City's plea to the jurisdiction. We overrule the City's first issue.

## II.    Immunity Under TEX. CIV. PRAC. & REM. CODE § 101.060(a)(3).

In its second issue, the City argues its immunity is retained under section 101.060(a)(3) because the City did not have actual notice that a third party removed the cone previously placed on the open water meter hole. *See* TEX. CIV. PRAC. & REM. CODE § 101.060(a)(3). McKeller disagrees, arguing section 101.060 is inapplicable here because the hazard at issue was on a sidewalk, not a roadway.

Section 101.060, titled "Traffic and Road Control Devices," sets out how a governmental unit may retain immunity when a claim arises from acts or omissions related to traffic or road signs, signals, or warning devices:

(a) This chapter does not apply to a claim arising from:

(1) the failure of a governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a result of discretionary action of the governmental unit;

(2) the absence, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condition, or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice; or

(3) the removal or destruction of a traffic or road sign, signal, or warning device by a third person unless the

–11–

> governmental unit fails to correct the removal or destruction within a reasonable time after actual notice.
>
> (b) The signs, signals, and warning devices referred to in this section are those used in connection with hazards normally connected with the use of the roadway.
>
> (c) This section does not apply to the duty to warn of special defects such as excavations or roadway obstructions.

TEX. CIV. PRAC. & REM. CODE § 101.060. Thus, under section 101.060(a)(3), a governmental unit retains immunity for claims based on the removal or destruction of a traffic or road sign, signal, or warning device by a third person unless the governmental unit fails to correct the removal or destruction within a reasonable time after actual notice. TEX. CIV. PRAC. & REM. CODE § 101.060(a)(3); *see City of Grapevine v. Sipes*, 195 S.W.3d 689, 694 (Tex. 2006) (observing that Subsection (a)(3) provides a "safe harbor" once a governmental unit "corrects" removal of traffic device); *Id.* at 690 ("a governmental unit retains immunity for claims based on the absence of a traffic signal unless the absence is not corrected by the governmental unit within a reasonable time after notice. TEX. CIV. PRAC. & REM. CODE § 101.060(a)(2).").

The City argues the traffic cone it initially placed on the open water meter box is a "warning device" removed by a third party and, as such, section 101.060 controls the immunity question. According to the City, its immunity cannot be waived for removing the cone because it did not have actual notice the cone had been moved by a third party before McKeller's injury and, therefore, there is no evidence the City

failed to replace the cone "within a reasonable time after actual notice[.]" TEX. CIV. PRAC. & REM. CODE § 101.060(a)(3).

The City's arguments have merit only if (1) McKeller's premises defect claim complains of the City's failure to replace the cone, and (2) the cone placed on the open water meter hole qualifies as "a traffic or road sign, signal, or warning device" under section 101.060(a)(3). *See Tex. Facilities Comm'n v. Speer*, 559 S.W.3d 245, 252 (Tex. App.—Austin 2018, no pet.). We conclude neither is true here.

First, section 101.060(a)(3) is inapplicable here because McKeller's live pleading does not include an allegation that the City is liable to her for failing to replace the cone after receiving actual notice the cone had been removed. *See, e.g., Chapman v. City of Houston*, 839 S.W.2d 95, 99 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (concluding section 101.060 was inapplicable because appellant "is not alleging a traffic or road sign problem pursuant to section 101.060, . . .."). The *Chapman* court explained:

> The liability imposed by section 101.060 concerning traffic and road control devises was specifically included in the statute to make clear that the State has a duty with regard to road signs. The acts or omissions of the State with regard to section 101.060 is when it violates that statute.

*Id.* Here, McKeller complains of the City's failure to repair the open water meter hole in a timely fashion and failure to warn of the dangerous condition. But she does not complain of the City's failure to replace the traffic cone. Section 101.060(a)(3) is inapplicable to the premises defect claim asserted in McKeller's live pleading.

Second, the cone placed on the open water meter hole was not "a traffic or road sign, signal, or warning device" under section 101.060(a)(3). The City cites no authorities, and we have found none, addressing whether a traffic cone placed on a sidewalk is a warning device within the meaning of section 101.060. "Traffic cone" is not defined in the Texas Civil Practice and Remedies Code or the Texas Transportation Code. However, section 101.060(b) states "[t]he signs, signals, and warning devices referred to in this section are those used in connection with hazards normally connected with the use of the roadway." TEX. CIV. PRAC. & REM. CODE § 101.060(b). The transportation code defines roadway as "the portion of a highway, other than the berm or shoulder, that is improved, designed, or ordinarily used for vehicular travel." TEX. TRANSP. CODE § 541.302(11). The code defines sidewalk as "the portion of a street that is: (A) between a curb or lateral line of a roadway and the adjacent property line; and (B) intended for pedestrian use." TEX. TRANSP. CODE § 541.302(16).

Viewed within this broader statutory framework, the phrase "hazards normally connected with the use of the roadway" as referenced in section 101.060(b) necessarily denotes a class of roadway hazards distinguished from a hole in a pedestrian sidewalk. "'[H]azards *normally* connected with the use of the roadway' is a term of contrast contemplating hazards more routinely or inherently connected with roadway use, such as relating to vehicle speed, intersecting paths of movement, or features of the roadway that do not rise to equivalence with excavations or

–14–

obstructions." *Tex. Facilities Comm'n v. Speer*, 559 S.W.3d 245, 253–54 (Tex. App.—Austin 2018, no pet.) (emphasis in original). Indeed, as the *Speer* court noted, "the cases applying Section 101.060 have characteristically involved issues with stop signs, speed limit signs, traffic lights, or similar devices used to regulate or warn roadway users in their normal course of travel there." *Id.* at 255 (collecting cases); *c.f. City of El Paso v. Chacon*, 148 S.W.3d 417, 422 (Tex. App.—El Paso 2004, pet. denied) (concluding hole in a public sidewalk was a special defect under section 101.022(b), which defines special defects as "defects such as excavations or obstructions on highways, roads, or streets").

McKeller's pleadings negate that her claims arose from a "condition" of a "traffic or road sign, signal, or warning device" in any sense relevant to section 101.060(a)(3). Moreover, applying the applicable statutory definitions and authorities analyzing section 101.060, we conclude a sidewalk is not a roadway because a sidewalk is not used for vehicular traffic and a traffic cone placed on a sidewalk is not a sign, signal, or warning device under section 101.060. *See, e.g.*, *Ramos v. Texas Dep't of Pub. Safety*, 35 S.W.3d 723, 733 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (reasoning that "section 101.060(a)(2) deals with traffic or road signs, signals, and warning devices [while] the present case deals with a parking lot, and thus section 101.060(a)(2) is not applicable"); *see also Speer*, 559 S.W.3d at 253–54.

McKeller's claims, thus, do not fall under section 101.060 because (1) the premises defect—the open water meter hole—was not on or related to a roadway, and (2) the cone placed on the open water meter hole is not a "warning device" as contemplated by the TTCA or the Texas Transportation Code. Under this record, we conclude section 101.060 does not apply to McKeller's premises liability claim. We overrule the City's second issue.

### III.    McKeller's Negligence Claim

In its final issue, the City argues McKeller's negligence claim should be dismissed for want of jurisdiction because the trial court did not have subject matter jurisdiction over McKeller's negligence claim separate from the premise defect claim. In her first amended petition, McKeller asserted a general negligence claim in addition to her premises liability claim. In her negligence claim, McKeller asserted the City was liable to her for damages proximately caused by the conduct of City managers and employees. She alleged the negligent conduct included failing to maintain and inspect the sidewalk, failing to correct the unreasonably dangerous condition, failing to warn invitees of the dangerous condition, failing to properly train its agents, servants, and employees, and failing to implement proper policies to make the sidewalk reasonably safe.

We agree McKeller's negligence claim as pleaded in her first amended petition[3] is subsumed within her premise defect claim, and the City's governmental immunity has not been waived under the TTCA for a general negligence claim. If a negligence claim relies on a premise defect, the TTCA does not waive immunity for such a claim. *See Miranda*, 133 S.W.3d at 233. The TTCA's "limited waiver of immunity from suit does not allow plaintiffs to circumvent the heightened standards of a premises defect claim contained in section 101.022 by re-casting the same acts as a claim relating to the negligent condition or use of tangible property." *Id.* McKeller's negligence allegations rely on an alleged premise defect. She is, therefore, precluded from circumventing the heightened standards of a premise liability claim. *See id.*; *see also Univ. of Tex. at Austin v. Sampson*, 488 S.W.3d 332, 338 (Tex. App.—Austin 2014), *aff'd*, 500 S.W.3d 380 (Tex. 2016); *City of Richardson v. Justus*, 329 S.W.3d 662, 665 (Tex. App.—Dallas 2010, no pet.).

McKeller did not submit a substantive response to the City's argument seeking dismissal of her negligence claim in the trial court or in her brief in this Court. Instead, she asked the trial court for leave to amend her pleadings to cure any defects found by the court. She reiterates that request in this proceeding. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively reveal incurable jurisdictional defects, the

---

[3] By our decision today, we do not decide, nor do we imply, that McKeller will ultimately prevail on her claims, or that the City cannot successfully raise future jurisdictional challenges to McKeller's claims should she amended her pleadings.

appropriate remedy is to grant leave to amend rather than to dismiss. *See Miranda*, 133 S.W.3d at 226–27. We decline to grant McKeller leave to amend her pleadings, however, because her live pleading affirmatively demonstrates incurable jurisdictional defects as to the negligence claim.

A plaintiff injured by a premise defect on governmental property is limited to asserting a premise defect claim as provided by the TTCA. *See City of Dallas v. Prado*, 373 S.W.3d 848, 855 (Tex. App.—Dallas 2012, no pet.) (first citing *Miranda*, 133 S.W.3d at 233, and then citing *Justus*, 329 S.W.3d at 665). When a suit is barred by governmental immunity, "there is nothing the plaintiff could have included in its petition that would have conferred jurisdiction on the trial court." *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex. App.—Austin 1994, writ denied); *see Tex. A & M Univ. System v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (holding that allowing plaintiff an opportunity to replead serves no legitimate purpose in a breach of contract case because pleading more facts will not overcome a governmental entity's immunity from suit); *Miranda*, 133 S.W.3d at 227 ("If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend."). Here, allowing McKeller to replead would be futile because her currently-pleaded negligence claim relies solely on a premises defect. *See Koseoglu*, 233 S.W.3d at 840; *see also Schoffstall v. City of Corpus Christi*, No. 13-13-00531-CV, 2014 WL 4249801, at *7 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2014, no

pet.). Adding more facts concerning the premises defect will not overcome the City's immunity, and McKeller has made no suggestion as to how to cure the jurisdictional defect. McKeller is, therefore, not entitled to a remand for the opportunity to replead her negligence claim.

Guided by the supreme court's analysis in *Miranda*, we conclude McKeller's claim is one of premise defect. She, therefore, failed to establish the TTCA waived immunity for her negligence cause of action, and the trial court erred in denying the City's plea to the jurisdiction as to that cause of action. We sustain the City's final issue, to the extent it complains the trial court erred by denying the City's plea to the jurisdiction as to McKeller's general negligence claim.

## CONCLUSION

The trial court did not err by denying the plea to the jurisdiction as to McKeller's premises liability claim. However, the trial court erred by denying the plea as to McKeller's negligence claim. Accordingly, we affirm the trial court's denial of the City's plea to the jurisdiction on McKeller's cause of action based on an ordinary premises defect. Further, we grant the City's plea to the jurisdiction as to McKeller's negligence claim and render judgment dismissing that claim for want of subject matter jurisdiction.

We remand to the trial court for further proceedings consistent with this opinion.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

230035F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF DALLAS, Appellant

No. 05-23-00035-CV          V.

EVELYN MCKELLER, Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-10550. Opinion delivered by Justice Partida-Kipness. Justices Reichek and Breedlove participating.

In accordance with this Court's opinion of this date, the trial court's order denying the CITY OF DALLAS'S Plea to the Jurisdiction is **AFFIRMED** as to EVELYN MCKELLER'S cause of action based on an ordinary premises defect and **REVERSED** as to EVELYN MCKELLER'S negligence claim.

We **DISMISS** EVELYN MCKELLER'S negligence claim for want of jurisdiction.

We **REMAND** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellee EVELYN MCKELLER recover her costs of this appeal from appellant CITY OF DALLAS.

Judgment entered this 7th day of March 2024.